STATE OF CONNECTICUT *v.* ARTHUR
GREGG KRATZERT
(AC 21910)

Foti, Dranginis and Freedman, Js.

---

Argued March 25—officially released June 25, 2002

*Neal Cone*, senior assistant public defender, for the appellant (defendant).

*Christopher T. Godialis*, assistant state's attorney, with whom, on the brief, were *Scott J. Murphy*, state's attorney, and *Ronald Dearstyne*, senior assistant state's attorney, for the appellee (state).

*Opinion*

FREEDMAN, J. The defendant, Arthur Gregg Kratzert, appeals from the trial court's judgment of conviction, rendered after a conditional plea of nolo contendere pursuant to General Statutes § 54-94a and Practice Book § 61-6,[1] of operating a motor vehicle while under the influence of intoxicating liquor in violation of General Statutes § 14-227a (a). The defendant claims that the court should have dismissed part B of the information that alleged that he was a third offender pursuant to § 14-227a (h) (3).[2] We affirm the judgment of the trial court.

[1] General Statutes § 54-94a provides: "When a defendant, prior to the commencement of trial, enters a plea of nolo contendere conditional on the right to take an appeal from the court's denial of the defendant's motion to suppress evidence based on an unreasonable search or seizure, motion to suppress statements and evidence based on the involuntariness of a statement or motion to dismiss, the defendant after the imposition of sentence may file an appeal within the time prescribed by law. The issue to be considered in such an appeal shall be limited to whether it was proper for the court to have denied the motion to suppress or the motion to dismiss. A plea of nolo contendere by a defendant under this section shall not constitute a waiver by the defendant of nonjurisdictional defects in the criminal prosecution."

Practice Book § 61-6 (a) (2) (i) provides in relevant part: "When a defendant, prior to the commencement of trial, enters a plea of nolo contendere conditional on the right to take an appeal from the court's denial of the defendant's . . . motion to dismiss, the defendant after the imposition of sentence may file an appeal within the time prescribed by law. The issue to be considered in such appeal shall be limited to whether it was proper for the court to have denied the motion to . . . dismiss. A plea of nolo contendere by a defendant under this subsection shall not constitute a waiver by the defendant of nonjurisdictional defects in the criminal prosecution. . . ."

[2] General Statutes § 14-227a (h) provides in relevant part: "Any person who violates any provision of subsection (a) of this section shall . . . (3) for conviction of a third and subsequent violation within ten years after a prior conviction for the same offense, (A) be fined not less than two thousand dollars nor more than eight thousand dollars, (B) be imprisoned not more than three years, one year of which may not be suspended or reduced in any manner, and sentenced to a period of probation requiring as a condition of such probation that such person perform one hundred hours of community service, as defined in section 14-227e, and (C) have such person's motor

The following facts are relevant to our resolution of this appeal. By information dated October 16, 2000, the defendant was charged with, inter alia, operating a motor vehicle while under the influence of intoxicating liquor in violation of § 14-227a. The conduct giving rise to the defendant's arrest allegedly occurred on October 14, 2000.[3] The state subsequently filed a part B information, alleging that the defendant previously had been convicted of operating a motor vehicle while under the influence of intoxicating liquor in violation of § 14-227a on December 9, 1988, and on May 10, 1999. Part B of the information sought an enhanced penalty due to the prior convictions. The defendant filed a motion to dismiss part B of the information, arguing, inter alia, that his 1988 conviction should not be counted for purposes of applying the enhanced penalties because it occurred more than ten years prior to the defendant's 1999 arrest. Following a hearing, the court denied the defendant's motion to dismiss part B of the information. The defendant entered a conditional plea of nolo contendere to both parts of the information, reserving the right to appeal to challenge the denial of his motion to dismiss part B of the information. The defendant then filed the present appeal.

The defendant argues that the court should have dismissed part B of the information, which alleged that he was a third offender pursuant to § 14-227a (h). Specifically, the defendant argues, as he did before the trial court, that his 1988 conviction cannot be used to enhance the penalty for the present offense because

vehicle operator's license or nonresident operating privilege permanently revoked upon such third offense. . . ."

[3] The parties are in agreement that, based on certain documents in the court file, the incident may have occurred on October 13, 2000, rather than October 14, 2000. This discrepancy is irrelevant to the determination of the defendant's appeal. The parties referred to the October 14, 2000 date in their briefs. For consistency, we likewise refer to the date of the incident as October 14, 2000.

the 1988 conviction is beyond the ten year "look back" or "cleansing" period referred to in the statute. The state argues in response that the court properly denied the motion to dismiss on the basis of *State* v. *Mattioli*, 210 Conn. 573, 556 A.2d 584 (1989). We agree with the state and conclude that *Mattioli* is dispositive of the issue in this case.

Section 14-227a (h) provides in relevant part that "[a]ny person who violates any provision of subsection (a) of this section shall . . . (3) for conviction of a third and subsequent violation within ten years after a prior conviction for the same offense" be subject to enhanced penalties. In *State* v. *Mattioli*, supra, 210 Conn. 575, our Supreme Court considered whether the enhanced penalties provided in § 14-227a (h) (3) apply to the third conviction of a defendant when only one of his two prior convictions occurred "within five years" of his present conviction.[4] The defendant in *Mattioli* argued that he could not be charged as a third offender pursuant to § 14-227a (h) (3) because his third conviction for violating § 14-227a did not occur within five years of his first conviction for violating the statute. Id. Our Supreme Court held, however, that § 14-227a (h) (3) does not require that the third conviction be within five years of *all* prior convictions. Id., 575–76.

In so holding, the Supreme Court first examined the language of the statute. "The language of § 14-227a (h) (3), interpreted according to the ordinary meaning of its words, plainly states that it applies to a 'conviction of a third violation within five years after a prior conviction . . . .' There is no dispute that this is the defendant's third conviction for violating § 14-227a. It is also undisputed that this third conviction occurred within five years of a previous conviction . . . . The most

---

[4] Public Acts 1995, No. 95-314, § 1, increased the statutory "look back period" contained in § 14-227a (h) (3) from five years to ten years.

recent conviction is, therefore, a 'conviction of a third violation within five years after a prior conviction' that subjects the defendant to the enhanced penalties provided by § 14-227a (h) (3)." Id., 577.

To the extent that § 14-227a (h) (3) could be construed as ambiguous, the Supreme Court further examined the statute's legislative history and purpose. "Public Acts 1985, No. 85-387, which amended § 14-227a in 1985 to incorporate the language at issue in this case, was entitled 'An Act Increasing Imprisonment Penalties for Drunk Driving to Meet the Federal Standards.' Although the legislative history does not expressly address the statute's five year period, this provision was part of a statutory package that enhanced mandatory minimum sentences for both first and multiple offenders and increased penalties for each successive offense. In enacting Public Acts 1985, No. 85-387 so as to amend § 14-227a, the legislature clearly intended to provide harsher penalties for offenders with a history of driving while under the influence." Id., 578.

Finally, our Supreme Court rejected the defendant's argument that this interpretation would allow the irrational and bizarre result that a person can be a third offender without ever being a second offender. "We recognize that, under our interpretation, an enhanced penalty might follow despite a lengthy interval between a first and second conviction, if a third conviction came on the heels of the second. We are unpersuaded that this result is either irrational or bizarre. As written, § 14-227a (h) (3) allows a person to be adjudged a third offender only after three convictions for violation of the statute. The statute makes the fact of a prior second conviction, rather than the status of being a prior second offender, the touchstone for an enhanced penalty. The legislature was free to make such a choice." Id., 578–79.

The facts of the present case fall within the scenario contemplated by the Supreme Court in *Mattioli* and § 14-227a (h) (3). There was an interval of more than ten years between the defendant's first conviction for operating a motor vehicle while under the influence on December 9, 1988, and his second conviction on May 10, 1999. The defendant's third violation, however, occurred on October 14, 2000, clearly within ten years after a prior conviction for the same offense.[5] Contrary to the assertions of the defendant,[6] we can discern no reason why the present case is not controlled by *Mattioli* and does not fit squarely within the statutory framework of § 14-227a (h) (3). We conclude, therefore, that the court properly denied the defendant's motion to dismiss part B of the information.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[5] In *State* v. *Burns*, 236 Conn. 18, 25–26, 670 A.2d 851 (1996), our Supreme Court held that the five year period (now a ten year period) that is the predicate for the enhanced penalties provided in § 14-227a (h) (3) runs from a prior conviction to a third violation, not from a prior conviction to a third conviction.

[6] The defendant attempts to distinguish *Mattioli* on the ground that it did not involve the expiration of a look back period between any two adjacent measuring points established by § 14-227a (h), whereas in the present case, the defendant's first conviction for operating a motor vehicle while under the influence of intoxicating liquor occurred more than ten years before his second violation. On the basis of our analysis, however, we consider this to be a distinction without a difference.