# STATE OF CONNECTICUT *v.* JOHN J. COMMINS
## (SC 17248)

Sullivan, C. J., and Borden, Katz, Vertefeuille and Zarella, Js.

504

Argued September 21—officially released December 20, 2005

*Darcy McGraw Altman,* special public defender, for the appellant (defendant).

*Sarah Hanna,* special deputy assistant state's attorney, with whom, on the brief, were *Walter D. Flanagan,*

state's attorney, and *Kelly Anne Masi*, assistant state's attorney, for the appellee (state).

*Opinion*

SULLIVAN, C. J. The defendant, John J. Commins, was convicted, after a jury trial, of operating a motor vehicle while under the influence of intoxicating liquor in violation of General Statutes § 14-227a (a) (1).[1] Thereafter, he pleaded nolo contendere to the charge of being a third offender under § 14-227a (g).[2] The trial court sentenced the defendant to a term of three years imprisonment, suspended after one year, with three years probation. The court also imposed a $3000 fine, ordered the defendant to perform 200 hours of community service, and permanently revoked the defendant's license pursuant to § 14-227a (g) (3) (C). The defendant then appealed from the judgment of conviction to the Appellate Court, claiming, inter alia, that the trial court

[1] General Statutes § 14-227a (a) provides in relevant part: "No person shall operate a motor vehicle while under the influence of intoxicating liquor or any drug or both. A person commits the offense of operating a motor vehicle while under the influence of intoxicating liquor or any drug or both if such person operates a motor vehicle on a public highway of this state . . . (1) while under the influence of intoxicating liquor or any drug or both . . . ."

[2] General Statutes § 14-227a (g) provides in relevant part: "Any person who violates any provision of subsection (a) of this section shall . . . (3) for conviction of a third and subsequent violation within ten years after a prior conviction for the same offense, (A) be fined not less than two thousand dollars or more than eight thousand dollars, (B) be imprisoned not more than three years, one year of which may not be suspended or reduced in any manner . . . and (C) have such person's motor vehicle operator's license or nonresident operating privilege permanently revoked upon such third offense. For purposes of the imposition of penalties for a second or third and subsequent offense pursuant to this subsection, a conviction under the provisions of subsection (a) of this section . . . a conviction under the provisions of either subdivision (1) or (2) of subsection (a) of this section, a conviction under the provisions of section 53a-56b or 53a-60d or a conviction in any other state of any offense the essential elements of which are determined by the court to be substantially the same as subdivision (1) or (2) of subsection (a) of this section or section 53a-56b or 53a-60d, shall constitute a prior conviction for the same offense."

improperly had determined that the elements of § 14-227a (a) (1) were substantially similar to the elements of a New York offense for which he had been convicted twice previously. The Appellate Court concluded that the defendant had waived his right to appeal from the judgment of conviction under § 14-227a (g) when he pleaded nolo contendere to the charge of being a third offender, and affirmed the judgment of the trial court. *State* v. *Commins*, 83 Conn. App. 496, 498, 512–14, 850 A.2d 1074 (2004). We granted the defendant's petition for certification to appeal limited to the following issue: "Did the Appellate Court properly conclude that the defendant had waived his right to challenge the trial court's determination that he was a third offender pursuant to General Statutes § 14-227a (g)?" *State* v. *Commins*, 271 Conn. 905, 859 A.2d 564 (2004). We affirm the judgment of the Appellate Court.

The Appellate Court's opinion sets forth the following facts and procedural history. The jury reasonably could have found that "[e]arly in the morning of August 16, 2002, Officer Steven Santucci of the Newtown police department was on patrol on Route 34 in Newtown and observed the defendant, who was driving a truck, approach an intersection, enter a left turn only lane and activate the truck's left turn signal. Instead of turning left at the intersection, however, the defendant continued through the intersection, and drove along the median line and into the oncoming traffic lane. On the basis of those observations, Santucci initiated a traffic stop.

"During the traffic stop, the defendant informed Santucci both that he was on his way home and that he was coming from his home. While speaking with the defendant, Santucci detected the odor of alcohol on his breath. In view of the defendant's erratic driving and the odor of alcohol, Santucci proceeded to administer three field sobriety tests to the defendant.

"The first test administered was the horizontal gaze nystagmus test. Nystagmus is the inability of the eyes to maintain visual fixation on a stimulus when the eyes are turned to the side, often resulting in a lateral jerking of the eyeball. . . . The premise of the horizontal gaze nystagmus test is that as alcohol consumption increases, the closer to the midline of the nose the onset of nystagmus occurs. To administer the test, the officer positions a stimulus approximately twelve to eighteen inches away from and slightly above the subject's eyes. The stimulus, usually a pen or the officer's finger, is then moved slowly from the midline of the nose to maximum deviation, the farthest lateral point to which the eyes can move to either side. The officer observes the subject's eyes as he tracks the stimulus and looks for six clues, three for each eye, to determine whether the subject passes or fails the test. . . . A finding of four clues indicates failure of the test and is a sign of intoxication. Santucci testified that the defendant possessed all six clues and that those results indicated that the defendant was under the influence of alcohol.

"Santucci also administered the walk and turn test and the one-leg stand test. Santucci testified that the defendant's performance on both tests indicated that he was under the influence of alcohol.

"On the basis of the defendant's performance on the three tests, his erratic driving and the odor of alcohol on his breath, Santucci placed the defendant under arrest and transported him to the police station, where the defendant refused to submit to a breath test. The defendant subsequently was charged by information with driving while under the influence of intoxicating liquor in violation of § 14-227a (a) (1)." (Citations omitted.) *State* v. *Commins*, supra, 83 Conn. App. 498–500.

"[T]he state [also] charged the defendant under a part B information as a third offender on the basis of his

two prior convictions in New York, one in 1984 and the other in 1993, for operating a motor vehicle while under the influence of alcohol or drugs in violation of N.Y. Vehicle & Traffic Law § 1192 (McKinney 1996). Following the jury's verdict finding the defendant guilty of operating a motor vehicle while under the influence of intoxicating liquor, the court addressed the part B information. After hearing argument on whether the New York convictions occurred within the ten year period set forth in § 14-227a (g) (3), the court concluded that the convictions qualified for consideration.[3] At that time, the defendant indicated his intention to enter a plea of nolo contendere to the part B information. On the plea form, signed by the defendant on November 8, 2002, the defendant did not check the box indicating that the plea was conditional. Also, the court fully canvassed the defendant with regard to the plea and advised him of all relevant rights. The court found that the defendant had entered his plea knowingly, intelligently and voluntarily with the assistance of competent counsel, but the court did not accept the plea at that time.

"On January 10, 2003, following a presentence investigation hearing at which the court again heard argument on the issue of whether the defendant's New York convictions qualified as 'prior convictions' for purposes of § 14-227a (g), the court determined that the essential elements of the New York statute were substantially the same as § 14-227a (a) (1).[4] The court then accepted the defendant's nolo contendere plea and sentenced the defendant as a third offender." *State* v. *Commins*, supra, 83 Conn. App. 512–13. The defendant appealed

---

[3] A defendant qualifies as a third offender as long as the second and third convictions occurred within ten years of each other. *State* v. *Kratzert*, 70 Conn. App. 565, 569–71, 799 A.2d 1096 (2002).

[4] We note that on November 8, 2002, the trial court, sua sponte, ordered argument on the issue of whether the convictions were substantially similar. The defendant did not contest the issue prior to the January 10, 2003 hearing.

from the judgment to the Appellate Court, which affirmed the trial court's judgment. This certified appeal followed.

The defendant claims on appeal that when he entered the plea of nolo contendere, he intended to admit only that he had two prior convictions in New York. He did not intend to admit that the elements of the New York offenses were substantially similar to the elements of § 14-227a (g), and, in fact, argued that the elements of the New York and Connecticut offenses were not substantially the same. He claims that, under these circumstances, he is entitled to appellate review of the trial court's ruling that the essential elements of the offenses were substantially similar. The defendant makes four arguments in support of this claim. First, he argues that the trial court lacked subject matter jurisdiction to accept his nolo contendere plea because: (1) he was deprived of his constitutional right to have a jury determine whether the state had proven beyond a reasonable doubt an essential element of § 14-227a (g); and (2) part B of the information failed to inform him that the state needed to prove that the elements of the New York and Connecticut offenses were substantially similar. Second, he argues that the plea was not knowing, voluntary, and intelligent because: (1) he was not informed that he was waiving his right to contest the "substantially similar" issue when he entered his plea; (2) part B of the information did not allege that the elements of the New York and Connecticut offenses were substantially the same; and (3) he was not informed that, as a third offender, he would be exposed to additional punishment after pleading nolo contendere. Third, he argues that the plea was conditional. Fourth, he argues that, even if we conclude that the foregoing arguments are without merit, there is good cause for this court to review the trial court's ruling. We disagree.

At the outset we address the standard of review. Whether the Appellate Court properly concluded that the defendant had waived his right to challenge the trial court's determination that he was a third offender is a question of law. Our review, therefore, is plenary. *Duperry* v. *Solnit*, 261 Conn. 309, 318, 803 A.2d 287 (2002).

Before addressing the substance of the defendant's claims, we provide a brief overview of Connecticut's law pertaining to nolo contendere pleas. A nolo contendere plea has the same effect as a guilty plea, but a nolo contendere plea cannot be used against the defendant as an admission in a subsequent criminal or civil case. *State* v. *Madera*, 198 Conn. 92, 97 n.5, 503 A.2d 136 (1985). "As a general rule, an *unconditional* plea of guilty or nolo contendere, intelligently and voluntarily made, operates as a waiver of all nonjurisdictional defects and bars the later assertion of constitutional challenges to pretrial proceedings." (Emphasis in original.) Id., 97.

There are three circumstances, however, under which a defendant who pleads nolo contendere will not lose his or her right to appeal. First, if the defendant enters a conditional nolo contendere plea pursuant to General Statutes § 54-94a,[5] he or she may preserve certain claims arising from the trial court's denial of a

[5] General Statutes § 54-94a provides: "When a defendant, prior to the commencement of trial, enters a plea of nolo contendere conditional on the right to take an appeal from the court's denial of the defendant's motion to suppress or motion to dismiss, the defendant after the imposition of sentence may file an appeal within the time prescribed by law provided a trial court has determined that a ruling on such motion to suppress or motion to dismiss would be dispositive of the case. The issue to be considered in such an appeal shall be limited to whether it was proper for the court to have denied the motion to suppress or the motion to dismiss. A plea of nolo contendere by a defendant under this section shall not constitute a waiver by the defendant of nonjurisdictional defects in the criminal prosecution." See also Practice Book § 61-6 (a) (2) (implementing § 54-94a).

motion to suppress or a motion to dismiss. "In enacting § 54-94a, the legislature created a new, expedited route to the appellate courts . . . . Section 54-94a is intended to promote judicial economy by allowing the parties to litigate a suppression or dismissal issue fully in the trial court, and thereafter allowing the defendant to obtain review of an adverse ruling without the parties' or the court's expending additional resources." (Internal quotation marks omitted.) *State* v. *Piorkowski*, 236 Conn. 388, 402, 672 A.2d 921 (1996).

Second, this court has reviewed claims outside the scope of § 54-94a by exercising our "inherent supervisory authority over the administration of justice." *State* v. *Revelo*, 256 Conn. 494, 502, 775 A.2d 260, cert. denied, 534 U.S. 1052, 122 S. Ct. 639, 151 L. Ed. 2d 558 (2001). Our use of this exception, which we invoke only when there is good cause, is rare. Id., 503.

Third, if the trial court lacked subject matter jurisdiction to take the plea or if the plea was not knowing, voluntary, and intelligent, the defendant may appeal issues that are "fully disclosed in the record that relate either to the exercise of jurisdiction by the court or to the voluntary and intelligent nature of the plea . . . ." (Internal quotation marks omitted.) *State* v. *Lasaga*, 269 Conn. 454, 479, 848 A.2d 1149 (2004). With these principles in mind, we address in turn each of the defendant's four arguments on appeal.

I

First, we must address the defendant's arguments pertaining to the trial court's subject matter jurisdiction. See *Castro* v. *Viera*, 207 Conn. 420, 429, 541 A.2d 1216 (1988) ("once the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case" [citations omitted; internal quotation marks omitted]).

Although the defendant raised these claims for the first time before this court, we reach the merits of his arguments because it is well established that subject matter jurisdiction "may be raised by a party, or by the court sua sponte, at any stage of the proceedings, including on appeal." *Peters* v. *Dept. of Social Services*, 273 Conn. 434, 441, 870 A.2d 448 (2005).

## A

Relying on our dictum in *State* v. *Madera*, supra, 198 Conn. 98 n.6, the defendant first argues that a court lacks subject matter jurisdiction to accept a nolo contendere plea "if the statute under which the defendant is charged is unconstitutional." He claims that § 14-227a (g) is unconstitutional because it requires *the court* to determine whether another state's drunk driving statute is substantially similar to Connecticut's statute. This, the defendant asserts, is a question of fact that *a jury* must find beyond a reasonable doubt. See *Apprendi* v. *New Jersey*, 530 U.S. 466, 476, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) (constitutional guarantees of due process and right to jury trial require that jury be presented with all questions of fact that increase maximum penalty for crime); see also *Blakely* v. *Washington*, 542 U.S. 296, 303–304, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) (same).

We assume without deciding that a court lacks jurisdiction to accept a nolo contendere plea if the statute under which the defendant is charged is unconstitutional. We conclude, however, that the defendant's argument fails. *Apprendi* and its progeny are inapposite because those cases mandate that a jury must decide every question of fact that increases the penalty for a crime. *Apprendi* v. *New Jersey*, supra, 530 U.S. 490–92 (constitution requires jury to determine whether defendant acted with purpose to intimidate individual because of race); see also *United States* v. *Booker*, 543

U.S. 220, 227, 233–44, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005) (invalidating federal sentencing guidelines that required judges to impose higher sentences after determining, by preponderance of evidence, that defendants possessed certain quantities of illegal drugs); *Blakely* v. *Washington,* supra, 542 U.S. 303 (jury must decide whether defendant acted with " 'deliberate cruelty' "). The issue of whether the elements of the New York and Connecticut statutes under which the defendant was convicted were substantially the same calls for the comparison and interpretation of those statutes, which is a question of law. See *State* v. *Vickers,* 260 Conn. 219, 223, 796 A.2d 502 (2002) (statutory interpretation is question of law). Thus, § 14-227a (g) properly directs the *trial court* to make that determination. Practice Book § 42-20 ("The judicial authority shall decide all issues of law and all questions of law arising in the trial of criminal cases. . . . [T]he judicial authority shall submit the facts to the jury . . . ."). Because we conclude that § 14-227a (g) is constitutional, the defendant's argument fails.

## B

The defendant next argues that part B of the information was defective because it did not describe the offense with particularity,[6] as required by the sixth amendment to the United States constitution and by article first, § 8, of the constitution of Connecticut. *State* v. *Vumback,* 263 Conn. 215, 221, 819 A.2d 250 (2003). He asserts that this deficiency deprived the trial court of subject matter jurisdiction to take his plea, thereby rendering his plea invalid.

We conclude that the defendant's claim fails because "it is sufficient for the state to set out in the information

---

[6] Specifically, the defendant claims that part B of the information did not inform him that the state was required to prove that the elements of the offenses were substantially the same.

the statutory name of the crime with which the defendant is charged . . . ." (Internal quotation marks omitted.) *State* v. *Spigarolo*, 210 Conn. 359, 382, 556 A.2d 112, cert. denied, 493 U.S. 933, 110 S. Ct. 322, 107 L. Ed. 2d 312 (1989); see also *State* v. *Walton*, 34 Conn. App. 223, 227, 641 A.2d 391 (short form information that sets forth crimes charged by name and statutory reference is sufficient to invoke court's jurisdiction), cert. denied, 230 Conn. 902, 644 A.2d 916 (1994). Because part B of the information set forth the statutory name of the crime, it was constitutionally sufficient.

## II

We next address the defendant's argument that his plea was not knowing, voluntary and intelligent because: (1) he was not informed that he was waiving his right to contest the substantially similar issue when he entered his plea; (2) part B of the information did not allege that the elements of the New York and Connecticut offenses were substantially the same; and (3) he was not informed that, as a third offender, he would be exposed to additional punishment after pleading nolo contendere. See *Boykin* v. *Alabama*, 395 U.S. 238, 242–44, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969) (guilty plea is not constitutionally valid unless record affirmatively discloses that defendant entered plea voluntarily and intelligently).

It is well established that in order to obtain appellate review of a claim that a plea was not knowing, voluntary, or intelligent, the defendant must raise the claim before the trial court. *State* v. *Childree*, 189 Conn. 114, 119, 454 A.2d 1274 (1983). The defendant may do this by moving to withdraw the plea in accordance with Practice Book §§ 39-26 and 39-27.[7]

[7] Practice Book § 39-26 provides in relevant part: "A defendant may withdraw his or her plea of guilty or nolo contendere as a matter of right until the plea has been accepted. After acceptance, the judicial authority shall allow the defendant to withdraw his or her plea upon proof of one of the grounds in Section 39-27. . . ."

The defendant in the present case did not move to withdraw his plea. Therefore, his claim has not been preserved for appellate review. We recognize that this court previously has reviewed unpreserved claims of this nature. See *State* v. *Childree*, supra, 189 Conn. 119 (reviewing defective plea claim under *State* v. *Evans*, 165 Conn. 61, 70, 327 A.2d 576 [1973]). It is well established, however, that parties must affirmatively seek to prevail under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), or the plain error doctrine and bear the burden of establishing that they are entitled to appellate review of their unpreserved constitutional claims. *State* v. *Ramos*, 261 Conn. 156, 171, 801 A.2d 788 (2002). The defendant understandably has not sought to prevail under *Golding* with regard to this claim.[8] Accordingly, we do not consider the merits of this argument.

## III

We next address the defendant's claim that, although he did not enter an explicitly conditional plea, the circumstances surrounding his plea rendered it conditional and preserved his right to appeal pursuant to § 54-94a. Specifically, he suggests that the trial court's refusal to accept the plea until after it had held a hearing on the issue of whether the elements of the New York

---

Practice Book § 39-27 provides in relevant part: "The grounds for allowing the defendant to withdraw his or her plea of guilty after acceptance are as follows . . .

"(2) The plea was involuntary, or it was entered without knowledge of the nature of the charge or without knowledge that the sentence actually imposed could be imposed . . . ."

[8] It is not unreasonable to conclude that the defendant declined to make a *Golding* claim because he was well aware that the record is inadequate for review. See *State* v. *Golding*, supra, 213 Conn. 239–40. The defendant *did* provide a *Golding* analysis with respect to his *Apprendi* claim.

The defective plea issue also was never raised before the Appellate Court. "[O]n a certified appeal, our focus is on the judgment of the Appellate Court . . . and we ordinarily do not review claims not raised therein." (Citation omitted.) *State* v. *Nunes*, 260 Conn. 649, 658, 800 A.2d 1160 (2002).

and Connecticut offenses were substantially the same and defense counsel's vigorous argument that the elements of the offenses were not substantially similar, rendered the plea conditional and left all participants with the impression that he would be able to appeal from the trial court's decision on that issue.[9] We disagree.

As we stated previously in this opinion, an unconditional plea of nolo contendere, intelligently and voluntarily made, waives all nonjurisdictional defects. *State v. Madera*, supra, 198 Conn. 97. Upon pleading nolo contendere, a defendant relinquishes his right to appeal because the plea, "like a demurrer, impliedly admit[s], for the purposes of the case, all the facts in the indictment or information which are well pleaded; and it also admits the elements of the offense charged." 22 C.J.S., Criminal Law § 399 (1989). Section 54-94a, however, "abrogat[es], in certain circumstances, the waiver of constitutional rights that is implicit in a . . . nolo contendere plea." (Internal quotation marks omitted.) *State v. Piorkowski*, supra, 236 Conn. 401. Section 54-94a provides the defendant with a procedure that preserves the right to appeal the trial court's judgment of conviction as long as his or her appeal is limited to the issue of "whether it was proper for the court to have denied [a] motion to suppress or [a] motion to dismiss."

Because this right to appeal is statutory, we have refused to expand the statute beyond the issues explicitly enumerated in § 54-94a. *State v. Lasaga*, supra, 269 Conn. 479 ("[t]his court has been reluctant to invoke its authority to review an issue raised in connection with a conditional plea of nolo contendere when . . . that issue does not fall within the narrow scope of

---

[9] In his brief, the defendant writes: "Clearly, all the parties knew and understood that there was an open issue . . . . It is completely contrary to the record to assert that the defendant abandoned this issue for appellate purposes."

§ 54-94a" [internal quotation marks omitted]); *State* v. *Madera,* supra, 198 Conn. 102 (declining to review issue outside ambit of § 54-94a and cautioning that "trial courts should not employ this procedural innovation except in situations plainly within the provisions of § 54-94a"); see also *State* v. *Kelley,* 206 Conn. 323, 334–35, 537 A.2d 483 (1988) (same).

In this case, the defendant did not file a motion to dismiss part B of the information. Because the trial court never *denied* a motion to dismiss or a motion to suppress, there is no appealable issue under § 54-94a. Therefore, the Appellate Court correctly refused to apply § 54-94a in order to review the merits of the defendant's claim.

The defendant implicitly argues, however, that the trial court acted as if the defendant had filed a motion to dismiss when it held a hearing and rendered a decision on the substantially similar issue, and that, under these circumstances, we should review the claim as if the defendant had filed the motion. We disagree. Even if we were to regard the trial court's sua sponte request for oral argument as a hearing on a motion to dismiss, the defendant *still* never indicated that his plea was conditional.

We have refused to apply § 54-94a in a situation in which the defendant had not *clearly indicated* that her plea was conditional. *State* v. *Gilnite,* 202 Conn. 369, 371–72, 521 A.2d 547 (1987). In *Gilnite,* the defendant was charged with larceny and with being a persistent larceny offender in violation of General Statutes § 53a-40 (c). Id., 371. Ultimately, a jury returned a verdict of guilty on the larceny charge. Id., 372. Thereafter, the defendant pleaded not guilty to the charge of being a persistent larceny offender and filed a motion to dismiss part B of the information. The court denied the motion. Id. The defendant then withdrew her plea of not guilty

and entered a plea of nolo contendere without stating on the record that the plea was conditional. Id.

On appeal to this court, the defendant claimed that, during a discussion in chambers, the court had indicated that it understood that her plea was conditional.[10] She asked this court to examine all the circumstances surrounding her plea and find that it was, in effect, conditional. Id., 377–78. We declined to reach the merits of her appeal because "[t]here [was] simply no indication on the record that the plea was entered pursuant to . . . § 54-94a." Id., 379. This court concluded that "[b]ecause this right to appeal the denial of a motion to dismiss is statutory, it is accorded only if the conditions fixed by the statute are met. . . . General Statutes § 54-94a requires that the defendant *enter* a plea of nolo contendere *conditional* upon the right to take an appeal from the court's denial of the defendant's motion to dismiss. Thus, in order for a defendant to preserve the right to appeal the court's decision denying a motion to dismiss, there must be some indication on the record that the plea of nolo contendere was entered conditional upon this right."[11] (Citations omitted; emphasis in original.) Id., 375–76.

Like the defendant in *State* v. *Gilnite*, supra, 202 Conn. 378, the defendant in this case did not state that his plea was conditional when he entered it or during the plea canvass, nor did he indicate that it was conditional on the written plea form. In addition, the defendant *never* indicated, during either the November plea

[10] During a conversation pertaining to the defendant's motion to dismiss, the trial court indicated that if the motion were denied, the defendant's next step would be to enter a conditional plea of nolo contendere pursuant to § 54-94a. *State* v. *Gilnite*, supra, 202 Conn. 377.

[11] We note that a defendant does not need to invoke § 54-94a *by name* in order to render his plea conditional and preserve his right to appeal. There must be a clear indication on the record that the defendant sought to enter a conditional nolo contendere plea. See *State* v. *Kelley*, supra, 206 Conn. 333.

canvass or the January hearing, that he was dissatisfied with his decision to enter an unconditional plea of nolo contendere, even though he had had months to reconsider his decision before the trial court accepted the plea.

We recognize that the circumstances of this case arguably distinguish it from *Gilnite*. Although the defendant in the present case entered his plea and was canvassed on November 8, 2002, the court sua sponte declined to accept his plea until after it had heard oral argument on the substantially similar issue on January 10, 2003. Thus, it is not unreasonable to argue that the trial court understood the plea to be conditioned on its ruling on the substantially similar issue. If the trial court had found that the essential elements of the offenses were not substantially the same, it clearly would not have accepted the plea.

Nevertheless, we are not persuaded. The defendant had no due process right to a hearing on the substantially similar issue in light of his nolo contendere plea,[12] and he did not invoke his statutory right under § 54-94a to enter a plea conditional on the right to appeal. Moreover, as we stated previously, he did not file a motion to dismiss the third offender charge. Thus, by ordering arguments on this issue sua sponte, the trial court went beyond the requirements of the law. The fact that the trial court provided procedures that went above and beyond the requirements of due process and the governing statutes does not require this court to follow suit by reviewing those procedures. Accordingly, we conclude that the Appellate Court properly concluded that the defendant waived his right to challenge

[12] We have concluded that the defendant was on notice that the charge under § 14-227a (g) required the state to prove that the elements of the offenses were substantially similar. See part I B of this opinion. By pleading nolo contendere to the charges, the defendant waived his right to contend that they were not substantially similar.

the trial court's determination that he was a third offender pursuant to § 14-227a (g).

## IV

We next address the defendant's final argument that we should use our inherent supervisory authority to review his claim despite his failure to enter a conditional plea because good cause exists. This court previously has recognized that it may review claims outside the scope of § 54-94a under its "inherent supervisory authority over the administration of justice." *State* v. *Madera,* supra, 198 Conn. 99–100; id., 99–102 (considering whether to exercise supervisory authority and declining to do so); see also *State* v. *Revelo,* supra, 256 Conn. 502–503 (invoking supervisory authority and considering merits of claim because there was good cause to review it). We have observed, however, that "[o]ur supervisory powers are not a last bastion of hope for every untenable appeal. They are an *extraordinary* remedy to be invoked only when circumstances are such that the issue at hand, while not rising to the level of a constitutional violation, is nonetheless of utmost seriousness, not only for the integrity of a particular trial but also for the perceived fairness of the judicial system as a whole." (Emphasis in original; internal quotation marks omitted.) *State* v. *Hines,* 243 Conn. 796, 815, 709 A.2d 522 (1998). Consistent with this general principle, we have concluded that good cause to review an issue that has not been raised pursuant to § 54-94a "is likely to be established only infrequently." *State* v. *Revelo,* supra, 503.

In *Revelo,* the defendant filed a motion to suppress certain evidence and asked the trial court for a hearing on that motion. Id., 497. At that time, the state had offered the defendant a plea agreement of eight years in prison. The trial court warned the defendant that he would receive nine years in prison if he pleaded guilty

after requiring the court to render a decision on the motion to suppress. Id., 497–98. The defendant pursued the motion unsuccessfully. He then entered a conditional plea of nolo contendere pursuant to § 54-94a and was given a nine year sentence. Id., 498–99. The Appellate Court declined to review the propriety of the trial court's actions because due process claims are not explicitly enumerated in § 54-94a. Id., 500.

On appeal to this court, we reversed the Appellate Court's decision because there was good cause to review the defendant's claim. Id., 503–504. We have recognized that "[t]hree factors informed our decision to review [the defendant's claim in *Revelo*]. . . . First, the defendant's due process claim [gave] rise to an important issue, namely, the proper role of our trial judges in the plea bargaining process . . . . Second, the undisputed facts of the case [bore] out the defendant's claim of a constitutional violation. . . . Third, we were compelled, in order to prevent trial courts from employing a practice that violated due process principles, to rectify Appellate Court dictum permitting the practice that the defendant challenged." (Citations omitted; internal quotation marks omitted.) *State* v. *Lasaga*, supra, 269 Conn. 480; see also *State* v. *Chung*, 202 Conn. 39, 43–45, 519 A.2d 1175 (1987) (reviewing defendant's claim although he entered conditional plea seeking to contest issue outside narrow scope of § 54-94a because record was adequate for appellate review, trial court's use of conditional plea statute obviated need for full trial, and *both sides* urged this court to reach merits).

Applying the three part test for good cause set forth in *Revelo*, we conclude that review of the defendant's claim is unwarranted because, unlike the claim in *Revelo*, there is no constitutional violation that is borne out by the undisputed facts of this case. As we have indicated, the defendant, having entered an uncondi-

tional plea, had no due process right to contest the substantially similar issue. Accordingly, we decline to review the merits of the defendant's claim under our inherent supervisory authority over the administration of justice.

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.