ANTHONY CRUZ *v.* COMMISSIONER OF CORRECTION
(AC 28003)

Flynn, C. J., and McLachlan and Lavine, Js.

Submitted on briefs November 15—officially released December 25, 2007

*James M. Fox*, special public defender, filed a brief for the appellant (petitioner).

*Adam E. Mattei*, special deputy assistant state's attorney, and *Jonathan C. Benedict*, state's attorney, and *Gerard P. Eisenman*, senior assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Anthony Cruz, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his amended petition for a writ of habeas corpus. The petitioner claimed that his trial counsel rendered ineffective assistance, that he was innocent of one of the crimes to which he pleaded guilty and of which he was convicted[1] and that his plea was involuntary. As to these claims, the court concluded that the petitioner failed to satisfy his burden under *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), in that he did not establish by a preponderance of the evidence that counsel's performance was deficient and that the deficient performance prejudiced his defense. As to his actual innocence claim, the court concluded that the petitioner failed to prove by clear and convincing evidence that "no reasonable fact finder would find the petitioner guilty of the crime[s]" to which he pleaded guilty. See *Miller* v. *Commissioner of Correction*, 242 Conn. 745, 747, 700 A.2d 1108 (1997). Moreover, the court concluded that the petitioner's pleas of guilty were knowing, intelligent and voluntary. See *Hill* v. *Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985); see also *State* v. *Commins*, 276 Conn. 503, 514–15, 886 A.2d 824 (2005).

After a careful review of the record and briefs, we conclude that the court did not abuse its discretion in denying the petitioner certification to appeal because he has not demonstrated that "the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are

[1] The petitioner claimed innocence as to only the first count, in which he was charged with risk of injury to a child in violation of General Statutes (Rev. to 1997) § 53-21 (1) and to which he subsequently pleaded guilty under the *Alford* doctrine. See *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Simms* v. *Warden,* 230 Conn. 608, 616, 646 A.2d 126 (1994).

The appeal is dismissed.

