STATE OF CONNECTICUT *v.* SHAWN M. MCGINNIS
(AC 23602)

Bishop, West and DiPentima, Js.

Argued January 20—officially released July 6, 2004

*William W. Fisher, Jr.*, for the appellant (defendant).

*Sarah Hanna*, special deputy assistant state's attorney, with whom, on the brief, were *Kevin T. Kane*, state's attorney, and *Michael E. Kennedy*, assistant state's attorney, for the appellee (state).

*Opinion*

DiPENTIMA, J. The defendant, Shawn M. McGinnis, appeals from the judgment of conviction, rendered after a plea of nolo contendere, of operating a motor vehicle while under the influence of intoxicating liquor in violation of General Statutes § 14-227a. On appeal, the defendant claims that the trial court improperly denied his motion to suppress a statement he made to the police without having been advised of his *Miranda*[1] rights. We remand the case for determination of whether the denial of the motion to suppress was dispositive of the case.

[1] See *Miranda* v. *Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

The following facts and procedural history are relevant to our resolution of the defendant's appeal. On March 3, 2002, the defendant was operating a motor vehicle in New London. After receiving a call from the police department dispatcher and observing a muffler hanging from the defendant's vehicle, two New London police officers stopped the defendant.

One police officer approached the window of the vehicle driven by the defendant to ask for his license and registration, and to discuss the hanging muffler. At that time, the officer noticed a strong odor of alcohol on the defendant's breath, and noticed that his eyes were bloodshot, sleepy looking and droopy. The officer asked the defendant if he had been drinking, and the defendant responded that he had "had a 'few beers.' " The defendant was then asked to perform various field sobriety tests, which he failed. He was placed under arrest in connection with driving while under the influence of intoxicating liquor.

On March 15, 2002, the defendant pleaded not guilty and elected a trial by jury. He then filed a motion to suppress his statement that he had "had a 'few beers,' " claiming that "the police were absent any color of right, authority or probable cause to conduct an interrogation breath test or arrest of the defendant." The court denied that motion on August 14, 2002. On September 16, 2002, the defendant withdrew his plea and indicated to the court his intention to enter a plea of nolo contendere conditional on his right to appeal from the denial of the motion to suppress. The defendant submitted a written nolo contendere plea form signed and checked by him indicating his intention to file a conditional plea pursuant to General Statutes § 54-94a.[2] The written plea form

[2] General Statutes § 54-94a provides: "When a defendant, prior to the commencement of trial, enters a plea of nolo contendere conditional on the right to take an appeal from the court's denial of the defendant's motion to suppress or motion to dismiss, the defendant after the imposition of sentence may file an appeal within the time prescribed by law provided a

was not checked by the court, however, as to a determination of whether the ruling on the motion to suppress would be dispositive of the case. No discussion of that statutory requirement appears in the record. The defendant was sentenced on September 20, 2002, and on October 10, 2002, filed this appeal from the court's denial of the motion to suppress.

On January 24, 2004, this court heard argument and, because the trial court had not made the requisite determination under § 54-94a,[3] requested supplemental briefs to address (1) whether this court has the authority to hear this appeal and (2) whether the trial court could have made any determination other than that the motion to suppress was dispositive.

The defendant claims that this court has authority to hear the appeal on the basis of a theory of "retro-recognition." Specifically, the defendant claims that any procedural error was cured when a trial court judge checked, on a new nolo contendere form presented to the court on January 24, 2004, that a ruling on a motion to suppress would be dispositive of the case.[4] We reject the defendant's argument that this defect was cured by the subsequent action of the trial court. Moreover, on further consideration, we determine that the defen-

---

trial court has determined that a ruling on such motion to suppress or motion to dismiss would be dispositive of the case. The issue to be considered in such an appeal shall be limited to whether it was proper for the court to have denied the motion to suppress or the motion to dismiss. A plea of nolo contendere by a defendant under this section shall not constitute a waiver by the defendant of nonjurisdictional defects in the criminal prosecution."

[3] The issue of the defective nolo contendere plea was raised for the first time by the state on January 16, 2004.

[4] In response to this court's request for supplemental briefs, the defendant's counsel, ex parte, approached a trial judge, who was not the judge who accepted the plea, to act on this matter by making the requisite determination. We are astounded by that conduct and do not condone it. Further, we would not consider any corrected nolo contendere form that was not first presented to the judge who accepted the plea with a proper motion for rectification of the record.

dant's failure to obtain, prior to the filing of this appeal, a determination that the ruling on the motion would be dispositive does not deprive us of authority, but rather is cause for us to decline to review his claims.[5]

In determining whether to review the court's ruling on the defendant's motion to suppress, we must first examine whether the determination requirement of § 54-94a is mandatory or directory.[6] "The test to be applied in determining whether a statute is mandatory or directory is whether the prescribed mode of action is the essence of the thing to be accomplished, or in other words, whether it relates to a matter of substance or a matter of convenience. . . . If it is a matter of substance, the statutory provision is mandatory. If, however, the legislative provision is designed to secure order, system and dispatch in the proceedings, it is generally held to be directory." (Internal quotation marks omitted.) *Santiago* v. *State*, 261 Conn. 533, 540, 804 A.2d 801 (2002).

---

[5] We decline to hold, as a general proposition, that we lack authority to review issues not properly raised in accordance with § 54-94a. In appropriate circumstances, we may review such claims in the exercise of our inherent supervisory authority over the administration of justice. See *State* v. *Revelo*, 256 Conn. 494, 502 n.16, 775 A.2d 260, cert. denied, 534 U.S. 1052, 122 S. Ct. 639, 151 L. Ed. 2d 558 (2001); *State* v. *Chung*, 202 Conn. 39, 43–45, 519 A.2d 1175 (1987). In *Revelo*, our Supreme Court established a good cause exception for such claims, but recognized that "such good cause is likely to be established only infrequently." *State* v. *Revelo*, supra, 503; see also *State* v. *Lasaga*, 269 Conn. 454, 480, 848 A.2d 1149 (2004) (defendant's claim that trial court improperly denied request for continuance to change counsel does not fall within narrow scope of exception described in *Revelo*); *State* v. *Jenkins*, 82 Conn. App. 802, 814, 847 A.2d 1044 (defendant's claim that trial court improperly declined to open hearing on motion to suppress does not warrant review under good cause exception), cert. denied, 269 Conn. 915, 852 A.2d 745 (2004).

[6] Section 54-94a does not implicate our subject matter jurisdiction over this matter because the sentence imposed after the acceptance of the conditional plea was a final judgment. See *State* v. *Piorkowski*, 236 Conn. 388, 401, 672 A.2d 921 (1996) (addressing whether § 54-94a is jurisdictional statute and finding that "[p]ursuant to [General Statutes] § 54-95 appellate criminal jurisdiction lies where there is an appeal from a final judgment").

The legislative statement of purpose of § 54-94a indicates that the statute was intended to "preserve judicial resources when the only issue presented by a defendant can be resolved on the motion to suppress or dismiss." Senate Bill No. 1383, statement of purpose; see also *State* v. *Piorkowski*, 236 Conn. 388, 416, 672 A.2d 921 (1996) (conserve judicial resources); *State* v. *Madera*, 198 Conn. 92, 101, 503 A.2d 136 (1985) (judicial efficiency). Moreover, because conditional pleas are susceptible to abuse, it is important to limit their use to "significant issues the determination of which on appeal is likely to be dispositive of the case." *State* v. *Madera*, supra, 101. Indeed, our Supreme Court has strictly construed the statute, explaining that "[b]ecause this right to appeal the denial of a motion to dismiss is statutory, it is accorded only if the conditions fixed by the statute are met." *State* v. *Gilnite*, 202 Conn. 369, 375–76, 521 A.2d 547 (1987) (where record did not indicate that defendant conditioned plea on § 54-94a, defendant waived right to appeal under statute); see also *State* v. *Madera*, supra, 102 (Supreme Court declined to review appeal from denial of motion to suppress confession based on alleged lack of voluntariness because, at time, statute did not apply to motions premised on that ground).

We conclude that the determination requirement of § 54-94a is not a matter of convenience, but rather a matter of substance necessary to achieve the goals of the statute. The requirement therefore is mandatory. Because the court did not consider the determination requirement of § 54-94a, we decline to review the defendant's claim. Moreover, we do not address the question of whether the court could have made any determination other than that the motion to suppress was dispositive. It is not the role of this court to make factual determinations. *State* v. *Nowell*, 262 Conn. 686, 695–96, 817 A.2d 76 (2003).

Although we decline to exercise our supervisory power to review the defendant's claim, as noted in footnote 5, we nonetheless will remand the case, pursuant to that power, to the trial court with direction to make the requisite determination under § 54-94a.[7] This court retains jurisdiction over the case for the purpose of disposition of this appeal following the trial court's determination.

The case is remanded for further proceedings to determine whether the denial of the motion to suppress was dispositive of the case.

In this opinion the other judges concurred.

---

[7] Practice Book § 60-2 (9) provides that this court may "remand any pending matter to the trial court for the resolution of factual issues where necessary . . . ."

We note that the record would show that this determination is not merely a ministerial act and that the state is not conceding that issue.