STATE OF CONNECTICUT *v.* DIEGO MUNOZ
(AC 27476)

DiPentima, Lavine and Dupont, Js.

Argued March 20—officially released October 2, 2007

*Michael T. Meehan*, with whom were *Edward J. Gavin* and, on the brief, *Christopher Y. Duby*, for the appellant (defendant).

*Denise B. Smoker*, senior assistant state's attorney, with whom, on the brief, were *Kevin D. Lawlor*, state's attorney, and *Kimberley N. Perrelli*, senior assistant state's attorney, for the appellee (state).

*Opinion*

DUPONT, J. The defendant, Diego Munoz, appeals from the judgment of conviction rendered by the trial

court following his conditional plea of nolo contendere[1] pursuant to General Statutes § 54-94a[2] to risk of injury to a child in violation of General Statutes § 53-21 (a) (2).[3] The plea followed the court's ruling that evidence of three incidents of prior uncharged sexual misconduct, involving two witnesses, was admissible to show the intent of the defendant to commit the crime and followed the court's determination that its ruling was dispositive of the case. The defendant claims that the court improperly determined that the evidence was admissible when it denied his motion to suppress the evidence and subsequently determined that its ruling was dispositive of the case. We affirm the judgment of the trial court.

I

The threshold question in this appeal is whether the conditions of § 54-94a have been satisfied, thereby allowing us to undertake a review of whether the trial

---

[1] The defendant was sentenced pursuant to his conditional plea of nolo contendere. There is a final judgment, therefore, and this court has subject matter jurisdiction to hear the appeal. See *State* v. *Piorkowski*, 236 Conn. 388, 402, 672 A.2d 921 (1996).

[2] General Statutes § 54-94a provides: "When a defendant, prior to the commencement of trial, enters a plea of nolo contendere conditional on the right to take an appeal from the court's denial of the defendant's motion to suppress or motion to dismiss, the defendant after the imposition of sentence may file an appeal within the time prescribed by law provided a trial court has determined that a ruling on such motion to suppress or motion to dismiss would be dispositive of the case. The issue to be considered in such an appeal shall be limited to whether it was proper for the court to have denied the motion to suppress or the motion to dismiss. A plea of nolo contendere by a defendant under this section shall not constitute a waiver by the defendant of nonjurisdictional defects in the criminal prosecution."

[3] General Statutes § 53-21 (a) provides in relevant part: "Any person who . . . (2) has contact with the intimate parts . . . of a child under the age of sixteen years or subjects a child under sixteen years of age to contact with the intimate parts of such person, in a sexual and indecent manner likely to impair the health or morals of such child . . . shall be guilty of . . . a class B felony . . . ."

court correctly denied the defendant's motion to suppress the evidence of prior uncharged misconduct.[4] The answer lies in the wording of the statute, as amended effective October 1, 2001, by Public Acts 2001, No. 01-13 (P.A. 01-13), the amendment's legislative history and the particular record in this case.

To help us resolve the issue of the applicability of the statute, we asked the parties to file supplemental briefs as to these matters: (1) did the trial court correctly determine that its ruling on the motion to suppress was dispositive of the case; (2) should that determination be reviewed by this court; and (3) if the determination should be reviewed, what is the standard of review?

The use of § 54-94a by the defendant requires, as a mandatory precondition to our review, a finding by the trial court that its ruling on his motion to suppress was dispositive of the case. See *State* v. *McGinnis*, 83 Conn. App. 700, 705, 851 A.2d 349 (2004). If we assume that the precondition has been satisfied, the issue for our consideration on appeal, pursuant to the statute, is lim-

---

[4] The defendant first filed a motion in limine to suppress the uncharged misconduct evidence, which was converted to a motion to suppress after an oral motion to amend was granted by the court allowing him to do so. The state did not object to the defendant's motion to amend.

A motion in limine often resembles in form and function a motion to suppress. See C. Tait, Connecticut Evidence (3d Ed. 2001) §§ 1.34, 1.35, pp. 98–103. Often, motions in limine, in both civil and criminal cases, are made during the course of a trial, and involve evidentiary, nonconstitutional matters. See *Ambrogio* v. *Beaver Road Associates*, 267 Conn. 148, 160–61, 836 A.2d 1183 (2003); *State* v. *Kelly*, 256 Conn. 23, 41–42, 770 A.2d 908 (2001); see also C. Spencer, "The Motion in Limine: Pretrial Tool to Exclude Prejudicial Evidence," 56 Conn. B.J. 325 (1982). A motion in limine does not rest on constitutional grounds but on established rules of evidence, such as collateral source, hearsay, or best evidence. See C. Spencer, supra, 326. Because both the state and the defendant, with the trial court's approval, treated the original motion as tantamount to a motion to suppress for purposes of § 54-94a, we do also. Furthermore, the state, by its acquiescence, has waived any claim that the motion was not within the purview of § 54-94a. See *Milner* v. *Commissioner of Correction*, 63 Conn. App. 726, 734, 779 A.2d 156 (2001).

ited to whether it was proper for the court to have denied the motion to suppress. In this case, the state and the defendant at the time the plea was entered assumed that § 54-94a was operative and that its terms were satisfied. Both stipulated that the denial of the motion was dispositive. The court specifically found that its ruling on the motion to suppress was dispositive of the case.

The defendant in his initial appellate brief did not discuss the applicability of the statute, but the state, for the first time, in its supplemental appellate brief, argued that the defendant did not come within the terms of the statute because, it asserted, "the defendant's motion was neither a motion to suppress nor dispositive . . . ." The state, therefore, urged this court to use its supervisory powers to review the question of the admissibility of the defendant's uncharged misconduct.[5]

The defendant, in his supplemental brief, claims that the court correctly determined that its ruling was dispositive and that we should review the denial of the motion to suppress, pursuant to the statute or in accordance with our supervisory authority over the administration of justice. The state, in its supplemental brief, urges us to address the merits of the denial of the defendant's motion to suppress without addressing the court's finding that the issue was dispositive, but urges that if we were to review whether the issue was dispositive, we should conclude (1) that the court's ruling

[5] In those instances in which the conditions of § 54-94a have not been met, our Supreme Court has sometimes considered whether review pursuant to its supervisory powers should be undertaken, as in the following cases, all decided before § 54-94a was amended in 2001. See *State* v. *Revelo*, 256 Conn. 494, 502 n.16, 775 A.2d 260, cert. denied, 534 U.S. 1052, 122 S. Ct. 639, 151 L. Ed. 2d 558 (2001); *State* v. *Chung*, 202 Conn. 39, 43–45, 519 A.2d 1175 (1987); *State* v. *Madera*, 198 Conn. 92, 98–102, 503 A.2d 136 (1985). On the facts of this case, we need not consider such a review.

was improper because the introduction of the state's evidence was not dispositive of the case and (2) that the defendant's motion was not a motion to suppress, but a motion in limine.[6]

A brief review of the legislative history of P.A. 01-13 and its statutory antecedents is relevant and instructive. The legislation allowing conditional nolo contendere pleas was originally passed in 1982 as Public Acts 1982, No. 82-17. See *State* v. *Madera*, 198 Conn. 92, 98, 503 A.2d 136 (1985). As the legislation was enacted originally, a defendant could preserve his claim, after entering a conditional plea of nolo contendere, only if the claim arose from the trial court's denial of a "motion to suppress evidence based on an unreasonable search or seizure or motion to dismiss . . . ." (Internal quotation marks omitted.) Id., 97 n.4. In 1988, the legislature expanded the circumstances in which a defendant could preserve a claim after having entered a conditional plea of nolo contendere. See Public Acts 1988, No. 88-19. The language of the statute was amended to provide that a defendant could also preserve an issue arising from the denial of a "motion to suppress statements and evidence based on the involuntariness of a statement." (Internal quotation marks omitted.) *State* v. *Piorkowski*, 236 Conn. 388, 404, 672 A.2d 921 (1996). The statute was amended again in 2001, when the current language was adopted.

The House of Representatives, on May 2, 2001, passed Senate Bill No. 1383, "An Act Concerning a Plea of Nolo Contendere Conditional on the Right to Take an Appeal," with only one negative vote. 44 H.R. Proc., Pt. 6, 2001 Sess., pp. 1989–92. Representative Michael P. Lawlor stated, when he urged the passage of the bill, that the amendment both expanded the right to appeal beyond a claim of unreasonable search and seizure, or

---

[6] See footnote 4.

motions pertaining to statements or confession type motions, and narrowed the right to appeal by requiring the ruling on the motion to suppress to be dispositive of the case. Id. He noted that although the vast majority of the cases involved in a motion to suppress concern search and seizure or statements or confessions, there "are *other motions to suppress which are taken up prior to trial* and in the case that one of those might actually be dispositive of the case, the thinking is that by allowing the option to waive the trial and go directly to the appeal, [that] might free up some court time so that the court time can be expended on other cases." (Emphasis added.) Id., pp. 1990–91.

The intent of the legislature in passing the amendment was summarized in the office of legislative research bill analysis of Senate Bill No. 1383. The amendment "adds to the circumstances under which a criminal defendant may enter a conditional nolo contendere . . . plea" and restricts "the circumstances under which judges can accept such pleas." (Internal quotation marks omitted.) Office of Legislative Research, Bill Analysis of Senate Bill No. 1383, p. 1. The summary specifically states that "[t]he bill would permit immediate appeal of a court's refusal to suppress evidence on non-constitutional grounds."[7] Id. The trial court must determine that the "ruling is dispositive of the case. . . . [The] appellate court's review is limited to whether the trial court's ruling was supported by the record. Where error is found, the defendant may withdraw his plea and proceed to trial without the challenged evidence." Id.

---

[7] Prior to 1980, the grounds for reviewing conditional guilty pleas in several federal circuits and in at least four states, were limited to issues relating to the denial of motions to suppress evidence on constitutional grounds. See Note, "Conditional Guilty Pleas," 93 Harv. L. Rev. 564, 565 & n.10, 566 & n.11 (1980).

The legislative history of the 2001 amendment to § 54-94a indicates that in limited instances, nonconstitutional grounds as well as constitutional grounds for the statute's use can be involved in motions to suppress and can be reviewed by us if the trial court has determined that the issue is dispositive of the case. The present statute as amended, however, does not give a carte blanche ticket to a defendant for review of all claims made prior to trial. See, e.g., *State* v. *Commins*, 276 Conn. 503, 515–20, 886 A.2d 824 (2005) (situations in which trial court did not deny motion to dismiss or motion to suppress or defendant did not clearly indicate plea conditional); *State* v. *Lasaga*, 269 Conn. 454, 478–80, 848 A.2d 1149 (2004) (denial of continuance as violation of defendant's right to counsel); *State* v. *Potter*, 95 Conn. App. 89, 92–94, 894 A.2d 1063 (2006) (denial of motion for treatment as youthful offender); *State* v. *Jenkins*, 82 Conn. App. 802, 812–15, 847 A.2d 1044 (denial of motion to open hearing to let defendant testify), cert. denied, 269 Conn. 915, 852 A.2d 745, cert. denied, 543 U.S. 1025, 125 S. Ct. 667, 160 L. Ed. 2d 503 (2004).

In this case, the court found that the issue was dispositive, and both the state and the defendant stipulated that it was dispositive.[8] Furthermore, the state by its original stipulation in the trial court that the motion to suppress fit under the terms of § 54-94a is now estopped from asserting otherwise. See *Milner* v. *Commissioner*

[8] We need not define the word "dispositive" as used in § 54-94a because in this case the state has waived any objection to the court's finding. We do note that no case of which we are aware, since the passage of the amendment to § 54-94a, has defined the word. The Supreme Court has noted, however, that the word "dispositive" as used in the 2001 amendment represents a standard different from "likely to be dispositive" or "would have a significant impact on the outcome of the case." *State* v. *Turner*, 267 Conn. 414, 426, 838 A.2d 947, cert. denied, 543 U.S. 809, 125 S. Ct. 36, 160 L. Ed. 2d 12 (2004). Thus, before the amendment a trial court could accept a plea of nolo contendere, using a less stringent standard than "dispositive." Id.

*of Correction,* 63 Conn. App. 726, 732–35, 779 A.2d 156 (2001).

As we have noted, the state stipulated in the trial court that the court's ruling was dispositive. "[T]ypically, noncompliance with a mandatory statutory provision may be waived, either explicitly or implicitly, by the parties . . . . [A] party may relinquish its right to demand strict adherence to a mandatory statutory provision by virtue of its own failure to enforce that right." (Citations omitted.) *Santiago* v. *State,* 261 Conn. 533, 543, 804 A.2d 801 (2002). Here, the state has waived any right it may have had to dispute whether the court was correct in its determination.

Section 54-94a limits the "[t]he issue to be considered in [the] appeal . . . to whether it was proper for the court to have denied the motion to suppress" the uncharged misconduct evidence, and the appeal cannot be expanded beyond that issue. *State* v. *Commins,* supra, 276 Conn. 516. Section 54-94a does not allow a defendant to obtain pretrial appellate review of any and all claims simply because the state has agreed to such review. Case law makes clear that some requirements of § 54-94a are not waivable. The defendant must make clear at the time that he enters a plea of nolo contendere that his plea is conditional; id., 519–20; and the trial court must have determined that its ruling on a motion to suppress or motion to dismiss was dispositive of the case. *State* v. *McGinnis,* supra, 83 Conn. App. 705–706. Overuse or abuse of the process provided in § 54-94a could result in negative consequences to the overall judicial system beyond the parameters of the particular case. See *State* v. *Madera,* supra, 198 Conn. 100–101. It is important, therefore, to construe the statute narrowly. Under the unique circumstances of this case, we hold that § 54-94a applies. The parties agreed that the defendant's motion was a motion to suppress within the purview of the statute, the court granted the defendant's

motion to amend his original motion, the court determined that its ruling on the motion was dispositive of the case and the defendant made it clear that his plea was conditional. We, therefore, review the defendant's claim that his motion to suppress the evidence should have been granted, while recognizing our obligation to monitor carefully the use of the statute in future cases.

## II

Having determined that the issue of whether the evidence involved in the defendant's motion to suppress was admissible should be reviewed, we next address that issue. The court concluded that the probative value of the evidence outweighed its prejudicial aspect and was relevant to the intent and state of mind of the defendant.[9] Connecticut Code of Evidence § 4-5 (a) and (b)[10] provide the guidelines for admissibility of prior uncharged misconduct evidence.

The relevant facts and procedural history of this case are as follows. In a long form information, the state

---

[9] The court did not find the uncharged misconduct evidence to be dispositive of the issue of "common plan or scheme," as those words are used in Connecticut Code of Evidence § 4-5 (b). Although the state and the defendant discuss in their appellate briefs the use of the prior sexual misconduct to prove "common plan or scheme," that was not the basis for the court's denial of the defendant's motion to suppress evidence of uncharged misconduct. We therefore do not review the court's ruling as though it had ruled the evidence was dispositive to prove a common scheme or plan, but limit our review to the claim found by the trial court to be dispositive, namely, intent. See State v. Paradis, 91 Conn. App. 595, 603–604, 881 A.2d 530 (2005).

[10] Connecticut Code of Evidence § 4-5, titled "Evidence of Other Crimes, Wrongs or Acts Inadmissible To Prove Character; Admissible for Other Purposes; Specific Instances of Conduct," provides in relevant part: "(a) Evidence of other crimes, wrongs or acts of a person is inadmissible to prove the bad character or criminal tendencies of that person.

"(b) Evidence of other crimes, wrongs or acts of a person is admissible for purposes other than those specified in subsection (a), such as to prove intent, identity, malice, motive, common plan or scheme, absence of mistake or accident, knowledge, a system of criminal activity, or an element of the crime, or to corroborate crucial prosecution testimony. . . ."

alleged that the defendant had "contact with the intimate parts . . . of a child under the age of sixteen years, in a sexual and indecent manner likely to impair the health or morals of such child, in violation of . . . § 53-21 (a) (2)." The state provided the defendant with the details of the uncharged misconduct and the evidence of the crime with which he was charged. The state intended to introduce evidence showing that F, the alleged victim of the crime, who was nine years old at the time, was at the defendant's house on the night of July 2, 2004. During the night, the defendant touched F's breasts and buttocks over her clothing, attempted to touch her breasts under her bra, showed F a movie in which nude actors were engaging in sexual acts and told F that he "wished she was old enough." The defendant conceded that the central issue in the case was whether he had the requisite intent to violate the statute.

For the purpose of proving intent, among other things, the state also indicated in a pretrial motion in limine that it intended to introduce evidence of three incidents of uncharged prior misconduct that were not the subject of the current prosecution. The first occurred in Florida. G, who was six or seven years old at the time, was being cared for by the defendant's wife during the months of March and April, 2001. The defendant found G alone in the upstairs hall of the house, stopped her and fondled her over her clothing. A similar incident occurred a second time, and G indicated to her parents that she no longer wanted to go to the defendant's house. The defendant was shown a videotaped interview of the child made in Florida and was given the police report incident thereto. The third incident occurred in Shelton and involved a game of hide-and-seek that the defendant had played with M, who was nine years old at the time, and other children. When the defendant was "it," he found M and fondled her when he tagged her. The state intended to produce

evidence that this occurred during the winter of 2003-2004. A thirteen page affidavit of a police officer was provided to the court, detailing the facts of the charged crime as well as the uncharged misconduct evidence, for which no arrest was made. The state informed the court and the defendant that both G and M would testify at the trial.

We note that no fact involved in the evidence that the state intended to introduce was disputed by the defendant, making it unnecessary for the court to find any facts leading to its conclusion that the evidence was admissible. Instead, the defendant's position was that the prior touchings were not for a prurient or sexual purpose and, therefore, did not satisfy the intent necessary for conviction under § 53-21 (a) (2). The court stated that the probative value outweighed the prejudicial effect of the evidence and is "relevant to the issue of intent and state of mind," with respect to the alleged conduct of the defendant.[11]

The state is generally prohibited from introducing evidence of prior misconduct as circumstantial evidence of guilt by showing that the defendant has a propensity for engaging in similar misconduct. See Conn. Code Evid. § 4-5 (a); *State* v. *Sawyer*, 279 Conn. 331, 343, 904 A.2d 101 (2006). One of the several exceptions to the general rule against the admissibility of

[11] We are aware that often issues concerning the admissibility of evidence involving prior uncharged sexual misconduct are reviewed by way of direct appeal after a trial to a jury and a judgment of conviction. See, e.g., *State* v. *McKenzie-Adams*, 281 Conn. 486, 915 A.2d 822, cert. denied, 552 U.S. 888, 128 S. Ct. 248, 169 L. Ed. 2d 148 (2007); *State* v. *Aaron L.*, 272 Conn. 798, 865 A.2d 1135 (2005); *State* v. *Merriam*, 264 Conn. 617, 835 A.2d 895 (2003); *State* v. *John G.*, 100 Conn. App. 354, 918 A.2d 986, cert. denied, 283 Conn. 902, 926 A.2d 670 (2007); *State* v. *Bennett-Gibson*, 84 Conn. App. 48, 851 A.2d 1214, cert. denied, 271 Conn. 916, 859 A.2d 570 (2004). In none of these cases, however, all decided after the passage of the amendment to § 54-94a, does it appear that there was any attempt by the defendant prior to the jury trial to use that statute to test the admissibility of the evidence by a motion to suppress or to seek a determination by the court that the evidence, if admissible, would be dispositive of the case.

prior uncharged misconduct, however, allows the state to introduce such evidence if it is probative of the intent to commit the crime charged. See Conn. Code Evid. § 4-5 (b); *State* v. *Baldwin*, 224 Conn. 347, 354, 618 A.2d 513 (1993); *State* v. *Wild*, 43 Conn. App. 458, 461–62, 684 A.2d 720, cert. denied, 239 Conn. 954, 688 A.2d 326 (1996). "Whether evidence of other misconduct is admissible depends on a two part test: (1) the evidence must be relevant and material to at least one of the circumstances encompassed by the exceptions to the propensity rule, and (2) the probative value of such evidence must outweigh the prejudicial effect." *State* v. *Faria*, 47 Conn. App. 159, 170, 703 A.2d 1149 (1997), cert. denied, 243 Conn. 965, 707 A.2d 1266 (1998).

A

The introduction of evidence of prior uncharged misconduct relating to intent to commit the charged crime requires the court to first consider whether the proffered evidence is relevant to intent, and, if so, to then consider if its probative value outweighs its prejudicial effect. *State* v. *Baldwin*, supra, 224 Conn. 357. Such evidence is probative if there is a similarity between the charged and the uncharged crimes as to age, sex, areas of touchings, location of the alleged sexual acts and acquaintance of the victims with the defendant. *State* v. *Wild*, supra, 43 Conn. App. 463.

The court found that the evidence of the uncharged misconduct would be relevant to show the defendant's intent. The defendant conceded in the trial court that intent was the central issue of the case. We have held that a prior incident of similar sexual misconduct is probative of the defendant's intent in that it is some evidence that an alleged improper touching was more than a mistake or otherwise unintentional. See, e.g., *State* v. *John G.*, 100 Conn. App. 354, 365, 918 A.2d 986, cert. denied, 283 Conn. 902, 926 A.2d 670 (2007); *State*

v. *Faria,* supra, 47 Conn. App. 170. The defendant does not attempt to distinguish these cases from the facts presently before us. We conclude that the evidence of prior misconduct was probative of intent and therefore satisfied the requirements of the § 4-5 (b) exception to the rule against the admissibility of propensity evidence.

B

The defendant focuses most of his attention on arguing that the court abused its discretion in determining that the probative value of the evidence outweighed its potential for undue prejudice. Specifically, the defendant argues that (1) the evidence is too remote to be of much probative value because the state has not identified the specific dates on which the prior misconduct occurred and (2) the evidence, because it involves allegations of sexual misconduct he committed against girls of elementary school age, would unduly arouse the emotions of the jury. The defendant claims that the evidence is so prejudicial that no limiting instruction would provide a cure.

As recognized by Connecticut Code of Evidence § 4-3, the court has the authority to exclude otherwise admissible evidence when it determines, using its discretion, that the probative value of the evidence is outweighed by other harmful considerations, such as undue prejudice. "[T]he primary responsibility for conducting the balancing test to determine whether the evidence is more probative than prejudicial rests with the trial court, and its conclusion will be disturbed only for a manifest abuse of discretion." (Internal quotation marks omitted.) *State* v. *John G.,* supra, 100 Conn. App. 363; see also *State* v. *Gibson,* 75 Conn. App. 103, 110–13, 815 A.2d 172 (2003), rev'd in part on other grounds, 270 Conn. 55, 850 A.2d 1040 (2004). Intent[12] is almost always

---

[12] Risk of injury to a child is a general intent crime. See *State* v. *Santiago,* 74 Conn. App. 736, 742, 813 A.2d 1068 (2003). The issue of intent is especially

proved by circumstantial evidence, and, therefore, prior misconduct evidence, if available, is often relied on; if the misconduct evidence is remarkably similar in kind and location to the alleged criminal act, it is even more probative than would otherwise be true. See *State* v. *John G.*, supra, 364–65.

The defendant first argues that the prior uncharged misconduct is too remote in time to be sufficiently probative, solely because the state did not offer evidence of the particular dates on which the prior acts of misconduct occurred. Our Supreme Court has not determined whether any particular lapse of time is per se too remote for introduction of evidence of prior misconduct. See *State* v. *Romero*, 269 Conn. 481, 498–500, 849 A.2d 760 (2004) (nine year lapse not too remote); *State* v. *Kulmac*, 230 Conn. 43, 60–63, 644 A.2d 887 (1994) (seven year lapse not, per se, too remote). We have recognized, however, that the closer in time the prior act of misconduct is to the charged conduct, the more probative it is of intent. *State* v. *Wild*, supra, 43 Conn. App. 464; see also *State* v. *Schleifer*, 102 Conn. 708, 730, 130 A. 184 (1925).

We begin by noting that the defendant cites no case, and we have found none, that holds or suggests that the state is required to offer evidence of the exact date of the prior misconduct or be barred from introducing it. The defendant does not argue that the state's representation, before the court, that the prior incidents occurred in the spring of 2001 and the winter of 2003-2004, was factually inaccurate. The defendant does not raise any other considerations that might have rendered the prior incidents too remote to be admissible, other than the lack of a specific date. Because the court properly could conclude that the Florida incident happened

---

relevant in cases of risk of injury to a child and is central to that charge. See *State* v. *John G.*, supra, 100 Conn. App. 365.

within a narrow band of time within four years of the July, 2004 incident at issue in this case, and that the hide-and-seek incident similarly occurred within a narrow band of time during the winter of 2003-04, and in light of the fact that the defendant does not raise any other considerations that would support an argument that the prior misconduct was too remote to be admissible, we conclude that the court did not abuse its discretion in determining that the prior acts of misconduct were not too remote to be sufficiently probative on the issue of intent.

The defendant next argues that the prior misconduct evidence would unduly arouse the emotions of the jury. *State* v. *John G.*, supra, 100 Conn. App. 354, is a case with a fact pattern similar to that in the present case, and we review it for guidance. There, the trial court admitted evidence that the defendant, who was charged with sexually abusing his granddaughter, had sexually abused other members of his family when they were similar in age to the complainant. The purpose of the evidence was to show the intent of the defendant and absence of mistake, and to establish a common scheme or plan. This court determined that the trial court did not abuse its discretion in admitting this evidence to show intent and absence of mistake[13] because there were marked similarities between the charged and uncharged misconduct, the jury had already heard evidence that the defendant had sexually abused children, thereby lessening the inflammatory effect of such additional evidence, the court provided a limiting instruction, and the issue of intent was a major issue at trial.

Here, the prior misconduct was alleged to be sexual misconduct involving girls of a similar age as the victim,

[13] This court did not decide whether the evidence would have been admissible to establish a common scheme or plan, although the state had urged its introduction for that purpose.

and the defendant's acts of touching the girls through their clothes was also similar. Further, the acts of the crime with which the defendant was charged involved sexual misconduct committed on a nine year old girl, thereby lessening the shock jurors would likely have had at learning of the prior acts of alleged sexual misconduct involving seven to nine year old girls. Finally, the reliability of the evidence was increased by the fact that there were two witnesses alleging uncharged misconduct who reside in different states and who appear not to have known each other. We conclude that the court correctly determined that the probative value of the evidence on the issue of intent outweighed its potential for undue prejudice.

The judgment is affirmed.

In this opinion the other judges concurred.