## STATE OF CONNECTICUT *v.* GLENN E. OLSON
## (AC 21616)

Lavery, C. J., and Foti and Dupont, Js.

Argued November 26, 2001—officially released January 8, 2002

*Vincent T. McManus, Jr.*, for the appellant (defendant).

*Margaret Gaffney Radionovas*, senior assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Don Therkildsen*, deputy assistant state's attorney, for the appellee (state).

PER CURIAM. The defendant, Glenn E. Olson, appeals from the trial court's judgment of conviction, rendered after a conditional plea of nolo contendere pursuant to General Statutes § 54-94a,[1] of operating a motor vehicle while under the influence of intoxicating liquor in violation of General Statutes § 14-227a.[2] The defendant claims that the evidence was insufficient to prove beyond a reasonable doubt that he operated a motor vehicle on a public highway. We reverse the judgment of the trial court and remand the case for further proceedings.

The record reflects that the defendant entered his conditional plea on January 31, 2001. After he did so, the parties stipulated that the information set forth in the police report would constitute the factual basis for the charge. The report was marked as an exhibit, and the court continued to canvass the defendant, noting that both sides believed the police report to be "an

[1] General Statutes § 54-94a provides: "When a defendant, prior to the commencement of trial, enters a plea of nolo contendere conditional on the right to take an appeal from the court's denial of the defendant's motion to suppress evidence based on an unreasonable search or seizure, motion to suppress statements and evidence based on the involuntariness of a statement or motion to dismiss, the defendant after the imposition of sentence may file an appeal within the time prescribed by law. The issue to be considered in such an appeal shall be limited to whether it was proper for the court to have denied the motion to suppress or the motion to dismiss. A plea of nolo contendere by a defendant under this section shall not constitute a waiver by the defendant of nonjurisdictional defects in the criminal prosecution."

[2] The defendant also was convicted pursuant to his conditional plea of previously having been convicted of operating a motor vehicle while under the influence of alcohol in violation of General Statutes § 14-227a, as the state charged in a part B information for purposes of sentence enhancement.

The defendant was also convicted, following his unconditional plea of nolo contendere under the *Alford* doctrine, of interfering with an officer in violation of General Statutes § 53a-167a. See *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). That conviction is not a subject of this appeal.

adequate record for an appeal to the Appellate Court." The defendant argues that our review of the report will disclose that the state has failed to prove beyond a reasonable doubt that he was operating a motor vehicle on a public highway, a necessary element to support a conviction under § 14-227a.

Section 54-94a permits a defendant who has entered a conditional plea of nolo contendere to appeal only from the actions of the trial court described in that section. A claim of insufficient evidence is not one of the particular claims that § 54-94a permits to be appealed.[3] An unconditional plea of nolo contendere, in contrast, "intelligently and voluntarily made, operates as a waiver of all nonjurisdictional defects and bars the later assertion of constitutional challenges to pretrial proceedings. . . . Therefore, only those issues fully disclosed in the record which relate either to the exercise of jurisdiction by the court or to the voluntary and intelligent nature of the plea are ordinarily appealable . . . ." (Internal quotation marks omitted.) *State* v. *Kelley*, 206 Conn. 323, 327, 537 A.2d 483 (1988).

We conclude that the trial court mistakenly accepted the defendant's conditional plea of nolo contendere because the record clearly reflects that the defendant intended to enter his plea on the condition that he be permitted to challenge on appeal the sufficiency of the evidence. We cannot permit the defendant's conviction to stand. The judgment must be reversed and the case remanded for further proceedings. See id., 337; *State* v. *Madera*, 198 Conn. 92, 107–108, 503 A.2d 136 (1985).

The judgment is reversed as to the conviction of operating a motor vehicle while under the influence

[3] The defendant did not file either a motion to dismiss on the basis of insufficient evidence or a motion to suppress.

of intoxicating liquor and the case is remanded with direction to vacate the plea and to reinstate that charge.