STATE OF CONNECTICUT *v.* RICHARD PALKIMAS
(AC 29043)

Bishop, Gruendel and Pellegrino, Js.

Argued May 18—officially released September 1, 2009

*John R. Williams*, for the appellant (defendant).

*Toni M. Smith-Rosario*, senior assistant state's attorney, with whom, on the brief, were *David I. Cohen*, state's attorney; *Steven G. Weiss*, supervisory assistant state's attorney, and *Ricki Goldstein*, former assistant state's attorney, for the appellee (state).

*Opinion*

BISHOP, J. The defendant, Richard Palkimas, appeals from the judgment of conviction rendered by the trial court following a plea of nolo contendere to criminal violation of a protective order in violation of General Statutes § 53a-223. On appeal, the defendant claims that the court lacked subject matter jurisdiction to accept his plea of nolo contendere because, pursuant to General Statutes § 46b-38c (g), the charge of criminal violation of a protective order was dismissed once he successfully completed the classroom component of the family violence education program (program). We disagree and, accordingly, affirm the judgment of the trial court.

The following facts and procedural history are relevant to our review of the defendant's appeal. On April 30, 2005 (April, 2005 arrest), the defendant was arrested and charged with conspiracy to commit assault for allegedly punching his pregnant girlfriend in the face.[1] As a result of this alleged incident, on May 2, 2005, the court issued a family violence protective order under

---

[1] A substitute information was later filed by the state, amending the charge to assault in the second degree and assault of a pregnant woman in the second degree in violation of General Statutes §§ 53a-60 and 53a-60b, respectively.

§ 46b-38c (e).[2] The protective order required, among other things, that the defendant refrain from entering the home where the victim resided and refrain from any threatening behavior. On June 4, 2005 (June, 2005 arrest), the defendant was arrested and charged with violating the protective order on the basis of allegations that he was seen jumping from the window of the victim's residence. On June 28, 2005, in regard to the two arrests, the defendant applied for admission into the program as provided for under § 46b-38c (g).[3] On July 26, 2005, the defendant's entry into the program was granted, and the case was continued until July 26, 2006. At the time that the defendant's request for admission to the program was granted, the court indicated that the previously issued protective order would remain in effect.

On November 4, 2005, the defendant was arrested and charged with threatening in the second degree and violating a criminal protective order on the basis of an allegation that he telephoned his girlfriend, the same woman involved in the April, 2005 and June, 2005

[2] General Statutes § 46b-38c (e) provides in relevant part: "A protective order issued under this section may include provisions necessary to protect the victim from threats, harassment, injury or intimidation by the defendant, including, but not limited to, an order enjoining the defendant from (1) imposing any restraint upon the person or liberty of the victim, (2) threatening, harassing, assaulting, molesting or sexually assaulting the victim, or (3) entering the family dwelling or the dwelling of the victim. . . ."

[3] General Statutes § 46b-38c (g) provides in relevant part: "There shall be a pretrial family violence education program for persons who are charged with family violence crimes. The court may, in its discretion, invoke such program on motion of the defendant . . . . Any such defendant shall appear in court and shall be released to the custody of the family violence intervention unit for such period, not exceeding two years, and under such conditions as the court shall order. If the defendant refuses to accept, or, having accepted, violates such conditions, his case shall be brought to trial. If the defendant satisfactorily completes the family violence education program and complies with the conditions imposed for the period set by the court, he may apply for dismissal of the charges against him and the court, on finding satisfactory compliance, shall dismiss such charges. . . ."

arrests, and threatened to physically harm or even kill her (November, 2005 arrest). On June 2, 2006, the defendant was arrested and charged with having a weapon in a motor vehicle and possession of drug paraphernalia (June, 2006 arrest).

Subsequently, on July 11, 2006, the state moved to revoke the defendant's participation in the program. The state claimed that the defendant had violated the conditions of the program on the basis of the November, 2005 and June, 2006 arrests, specifically by being arrested and charged with a family violence crime involving the same victim. Following a hearing, the court granted the state's motion to revoke the program on July 26, 2006.[4]

On July 10, 2007, prior to trial, the defendant pleaded nolo contendere to one charge of criminal violation of a protective order in exchange for the state's agreement not to seek incarceration and to enter a nolle prosequi on three of his other criminal files, including the charge of assault in the second degree related to the April, 2005 arrest.[5] At the plea hearing, the defendant submitted a written nolo contendere form to the court. According to the defendant, a box on the plea form reserved for conditional pleas had been checked off, indicating his intention that the plea was to be conditional. Once the defendant handed the form to the clerk, the court asked the clerk if the form was in proper order, and she replied affirmatively. The court proceeded to canvass the defendant regarding his plea. Having found that the plea

---

[4] On August 15, 2006, the defendant filed a motion for reargument and to set aside the order of revocation of the family violence education program and a motion to dismiss. There is nothing in the record reflecting whether the defendant's motions were ever decided by the court, and it does not appear that the defendant requested a ruling prior to his plea of nolo contendere. Following the revocation from the program, the defendant's case was placed back on the trial docket.

[5] All of the nolled charges pertained to the defendant's relations with the victim. The charges stemming from the June, 2006 arrest were not nolled.

had been made freely, voluntarily and intelligently, the court accepted the defendant's plea and sentenced him to five years incarceration, execution suspended, five years probation and a $1000 fine.

On July 27, 2007, the defendant filed this appeal from the judgment of conviction. On November 2, 2007, the defendant filed a motion to rectify the trial record. The defendant requested a hearing on that motion to ask the court to find, pursuant to General Statutes § 54-94a, that the state's motion to revoke his participation in the program had precluded him from obtaining automatic dismissal of the charges against him even though he had completed the program. The defendant also requested that the court make a finding that the decision to grant the state's motion to revoke the program was dispositive of the charges. Additionally, the defendant asked the court to find that he had completed the educational classes that had been required prior to the court's revocation of his participation in the program.[6] The state filed an objection to the motion to rectify, arguing that the defendant was not entitled to such a hearing because he was seeking to create a record, rather than to rectify the record. On December 6, 2007, the court denied the defendant's motion, finding that the defendant's plea of nolo contendere was an unconditional plea.[7]

---

[6] The record reflects that in conjunction with a motion for reargument that the defendant filed August 15, 2006, he submitted a letter from Norwalk Hospital dated October 11, 2005, and a certificate of completion from the program, dated December 14, 2005, each indicating that he had completed the program. The court made no finding as to the authenticity or accuracy of these documents or of their legal significance.

[7] On December 21, 2007, the defendant filed a motion, pursuant to Practice Book § 66-7, for review of the court's decision denying his request for a hearing to rectify the record on appeal. The defendant continued to argue that a hearing on his motion to rectify was needed to establish that his nolo contendere plea had been made conditional on his right to appeal, pursuant to § 54-94a.

On December 28, 2007, the state objected to the motion, arguing that the transcript of the plea hearing "is totally at odds with the defendant's entry

On appeal, the defendant claims that pursuant to § 46b-38c (g), after he successfully completed the educational classes required by the program, his criminal charges should have been dismissed automatically, and the court had no authority later to revoke his participation in the program. The defendant further contends that because his charges should have been dismissed, the court lacked subject matter jurisdiction over the subsequent disposition of those charges, namely, his plea of nolo contendere.[8] To address the defendant's claim, we must answer two questions. First, we must determine whether the defendant's plea was conditional or unconditional. Second, we must decide whether the court had subject matter jurisdiction to accept the defendant's plea of nolo contendere.[9]

Before addressing these issues, we first examine the law pertaining to pleas of nolo contendere. "A valid guilty plea generally operates as a waiver of all defects in the prosecution, except those involving the canvass of the plea and the court's subject matter jurisdiction." (Internal quotation marks omitted.) *D'Onofrio* v. *Commissioner of Correction*, 36 Conn. App. 691, 693–94,

of a conditional plea . . . this record lacks a clear indication that the defendant ever sought to enter a conditional nolo contendere plea." On February 19, 2008, this court granted review of the defendant's motion, but denied the requested relief. On March 13, 2008, the defendant filed a motion for reconsideration en banc, which was denied by this court on April 16, 2008. The defendant now proceeds with his appeal absent the requested rectification of the trial record.

[8] The defendant in his brief also alleged a fourteenth amendment due process violation. Because this claim was not briefed adequately, we decline to afford it review. See *State* v. *Linarte*, 107 Conn. App. 93, 104, 944 A.2d 369, cert. denied, 289 Conn. 901, 957 A.2d 873 (2008).

[9] To the extent that the state claims that the defendant failed to preserve his claim that the court lacked subject matter jurisdiction, this claim of waiver lacks merit. "[T]he subject matter jurisdiction of a court addresses the fundamental competency of that court to operate as adjudicator, and such claims therefore may be made by any party at any time, or may be raised by the court sua sponte." *Office of the Governor* v. *Select Committee of Inquiry*, 271 Conn. 540, 550 n.10, 858 A.2d 709 (2004).

652 A.2d 1058 (1995). "A nolo contendere plea has the same effect as a guilty plea, but a nolo contendere plea cannot be used against the defendant as an admission in a subsequent criminal or civil case." *State* v. *Commins*, 276 Conn. 503, 510, 886 A.2d 824 (2005). Indeed, "[i]t is well established that an unconditional nolo contendere plea, when intelligently and voluntarily made, operates as a waiver of all nonjurisdictional defects and bars later challenges to pretrial proceedings." (Internal quotation marks omitted.) *State* v. *Commins*, 83 Conn. App. 496, 513, 850 A.2d 1074 (2004), aff'd, 276 Conn. 503, 886 A.2d 824 (2005). "Thus, usually only those issues fully disclosed on the record which concern either the court's jurisdiction or the intelligent and voluntary nature of the plea are appealable after a nolo contendere plea has been entered and accepted." (Internal quotation marks omitted.) Id.

As our Supreme Court explained in *State* v. *Commins*, supra, 276 Conn. 510–11, there are three circumstances in which a defendant who has pleaded nolo contendere will not lose his right to appeal. The first is where a defendant made a conditional plea of nolo contendere pursuant to § 54-94a. The enactment of § 54-94a, "modified the broad waiver of nonjurisdictional defects implicit in a plea of nolo contendere." *State* v. *Kelley*, 206 Conn. 323, 334, 537 A.2d 483 (1988). Specifically, § 54-94a provides in relevant part that "[w]hen a defendant, prior to the commencement of trial, enters a plea of nolo contendere conditional on the right to take an appeal from the court's denial of the defendant's motion to suppress or motion to dismiss, the defendant . . . may file an appeal . . . provided a trial court has determined that a ruling on such motion to suppress or motion to dismiss would be dispositive of the case. . . ." The statute further provides: "The issue to be considered in such an appeal shall be limited to whether it was proper for the court to have denied the motion

to suppress or the motion to dismiss. A plea of nolo contendere by a defendant under this section shall not constitute a waiver by the defendant of nonjurisdictional defects in the criminal prosecution."[10] General Statutes § 54-94a. Our Supreme Court has stated that this legislation "altered the broad waiver of constitutional rights implicit in a plea of guilty or nolo contendere." *State* v. *Madera*, 198 Conn. 92, 98, 503 A.2d 136 (1985). It "did not [however] create a new jurisdictional doorway into [the Appellate Court]." *State* v. *Piorkowski*, 37 Conn. App. 252, 259, 656 A.2d 1046 (1995), rev'd on other grounds, 236 Conn. 388, 672 A.2d 921 (1996).

Second, our Supreme Court has noted that an appeal may be permitted, even when the claimed ground for appeal is not within the ambit of § 54-94a, if the court chooses to exercise its "inherent supervisory authority over the administration of justice." *State* v. *Revelo*, 256 Conn. 494, 502, 775 A.2d 260, cert. denied, 534 U.S. 1052, 122 S. Ct. 639, 151 L. Ed. 2d 558 (2001). The court's use of this exception has been extremely rare, its application occurring only when there is good cause. *State* v. *Commins*, supra, 276 Conn. 511. In *Revelo*, our Supreme Court applied a three part test for whether good cause exists for the court to exercise its supervisory power to review a case outside the scope of § 54-94a. *State* v. *Revelo*, supra, 503–504. The test asks (1) whether the defendant's claim gives rise to an important due process issue, (2) whether the undisputed facts of the case bear out the defendant's claim of a constitutional violation and (3) whether declining to review the defendant's claim would permit a constitutionally suspect practice to continue or otherwise would permit the result to taint our judicial system. *State* v. *Cyr*, 101 Conn. App. 701, 705, 923 A.2d 772 (2007). The *Revelo* court stated that, "in the absence of a showing of good cause, an appellate court should decline to review an issue that

---

[10] See also Practice Book § 61-6 (2) (i).

has not been raised in accordance with the provisions of § 54-94a [and] such good cause is likely to be established only infrequently." *State* v. *Revelo*, supra, 503. In practice, courts very rarely have undertaken review on the basis of this supervisory power.

The third situation in which a defendant may bring an appeal, despite a plea of nolo contendere, is when the trial court lacked subject matter jurisdiction or the defendant's plea was not knowing, voluntary and intelligent. Under these circumstances, the defendant may raise issues on appeal that have been "fully disclosed in the record which relate either to the exercise of jurisdiction by the court or to the voluntary and intelligent nature of the plea . . . ." (Internal quotation marks omitted.) *State* v. *Lasaga*, 269 Conn. 454, 479, 848 A.2d 1149 (2004). None of these three circumstances pertain to the appeal at hand.

At the outset, the defendant claims that his appeal is reviewable pursuant to § 54-94a because his nolo contendere plea was conditional. In support of this assertion, the defendant refers to the fact that a box on the nolo contendere plea form reserved for conditional pleas had been checked off, indicating his intention that the plea was to be conditional. Checking off a box on a form, however, does not make an unconditional plea conditional. Outside of the check mark on the plea form, the record is completely barren of any other evidence that might suggest that the defendant intended his plea to be conditional.

Along with the box marked for conditional pleas, the plea form has a space reserved for the specific motion that was denied by the trial court and on which the defendant bases a conditional plea. Here, the defendant left this space blank. Equally significant is the trial transcript. A review of the transcript shows that the court canvassed the defendant and accepted the plea without

any discussion relating to § 54-94a or to the defendant's intention to make his plea conditional. There was no discussion pertaining to the plea being either conditional or unconditional. Further, the record makes clear that the plea discussions between the defendant's attorney and the prosecutor centered around whether the defendant would plead guilty to a misdemeanor for which he would receive a period of incarceration or plead to a felony in which case he would receive a suspended sentence, probation and a fine. In sum, there is no indication in the record that either party intended there to be a conditional plea.

Most significantly, there is nothing to suggest that a conditional plea would have been legally appropriate or available. Section 54-94a makes clear that there are two situations in which it is permissible to make a conditional plea of nolo contendere: (1) when there has been a motion to dismiss or (2) when there is a motion to suppress, either of which must be dispositive of the defendant's case. The defendant did not file a motion to suppress on which he could possibly have conditioned his nolo contendere plea. The defendant did file a motion to dismiss on August 15, 2006, which was roughly three weeks after the program had been revoked. There is nothing in the record, however, to show that this motion was ever heard by the court or that a ruling was made on which the defendant could have based a conditional plea. Accordingly, the court did not make a determination that any specific motion was dispositive of the defendant's case, as is required by statute. Additionally, the defendant filed a motion for rectification of the record to obtain a judicial determination that, by revoking his participation in the program, the court had prevented him from having the charges dismissed. The court rejected this motion and did so on the ground that the defendant's nolo contendere plea had been unconditional. Accordingly, not only

was there no judicial determination that any motion made by the defendant was dispositive of his case, but there is a definitive statement from the court that the plea was not conditional. Thus, under these facts, it is impossible for the defendant to file an appeal under § 54-94a. The plea was unconditional.

As has been noted previously, when a defendant makes an unconditional plea of nolo contendere all nonjurisdictional claims are waived. Because the defendant's plea was unconditional, his only remaining avenue for appeal must be on the basis of a jurisdictional issue.[11] If the claimed lack of jurisdiction was "fully disclosed" in the record, then it is permissible to file such an appeal because it falls within the third category of cases in which a defendant may appeal after a plea of nolo contendere.

Our Supreme Court has "long held that because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary." (Internal quotation marks omitted.) *Gonzalez* v. *Commissioner of Correction*, 107 Conn. App. 507, 511, 946 A.2d 252, cert. denied, 289 Conn. 902, 957 A.2d 870 (2008). Additionally, when this court must decide whether a court has subject matter jurisdiction, " 'every presumption favoring jurisdiction should be indulged.' " *Novak* v. *Levin*, 287 Conn. 71, 79, 951 A.2d 514 (2008).

The defendant interprets § 46b-38c (g) to mean that if he completes the educational classes required by the family violence program and does not violate any additional conditions imposed by the court, the underlying

---

[11] The other category of cases in which a defendant may appeal following a plea of nolo contendere is when the court uses its inherent supervisory authority to address an issue that falls outside the scope of § 54-94a. This is not an appropriate circumstance for such an extraordinary use of judicial authority. The facts present in this case do not come close to satisfying the three part test provided for in *Revelo*.

charge is dismissed automatically. The defendant reasons that because he had earned a dismissal by completing the program, any further court involvement occurred without jurisdiction. The defendant's reading of the statute, however, is contrary to its plain language. The statute clearly does not provide for automatic dismissal of criminal charges solely on completion of the program's educational classes. To the contrary, the statute provides that the defendant "may apply" to have charges dismissed. This phrase suggests, at the very least, that the legislature envisioned defendants having to take the affirmative step of filing a motion to obtain dismissal of their cases. Here, the defendant did not do so until after his participation in the program had already been revoked.[12] Further, § 46b-38c (g) provides that following an application for dismissal, the court, "on finding satisfactory compliance, shall dismiss such charges. . . ." General Statutes § 46b-38c (g). This phrasing, too, defies the defendant's reading of the statute. Finding "satisfactory compliance" necessarily requires that the court retain at least some discretion over the case to determine whether a defendant should be found to have met the conditions of the program.

Finally, for the purposes of deciding the defendant's appeal, we need not engage in any extended interpretation of the statute. Whether the court should have dismissed the defendant's charges following completion of the program does not determine the outcome of this appeal because the court had jurisdiction when it revoked the defendant's participation in the program, even if it acted incorrectly. Even if we assume that under the statute the court should have dismissed the

---

[12] The defendant did not file a motion to dismiss until three weeks after his participation in the program had been revoked. At that time, the defendant produced a certificate of completion for the anger management classes in which he had been required to enroll as a result of his participation in the program. He did not supply this information to the court, however, until after his participation in the program was revoked.

defendant's charges once he completed the program, the court did not do so. As a consequence, the case was still on the docket when the state filed its motion to revoke and when the court accepted the defendant's plea of nolo contendere. Therefore, the court had jurisdiction to hear the defendant's plea of nolo contendere, and by filing a plea of nolo contendere, the defendant waived all nonjurisdictional claims, including a claim that the court should not have revoked his participation in the program.

The judgment is affirmed.

In this opinion the other judges concurred.