******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* KENYON JOSEPH
(AC 36908)

DiPentima, C. J., and Gruendel and Prescott, Js.

*Argued September 24—officially released December 22, 2015*

(Appeal from Superior Court, judicial district of New
London, geographical area number twenty-one,
Newson, J. [motion to present necessity defense];
Strackbein, J. [judgment].)

*W. Theodore Koch III*, assigned counsel, for the appellant (defendant).

*Sarah Hanna*, assistant state's attorney, with whom, on the brief, were *Michael L. Regan*, state's attorney, and *Thomas M. DeLillo*, senior assistant state's attorney, for the appellee (state).

*Opinion*

DiPENTIMA, C. J. The defendant, Kenyon Joseph, appeals from the judgment of conviction, rendered after his conditional plea of nolo contendere, of assault of a correction officer in violation of General Statutes § 53a-167c (a). On appeal, the defendant claims that the trial court improperly denied his motion to assert the common-law affirmative defense of necessity at trial. Because we conclude that this appeal does not meet the conditions necessary to bring an appeal following a conditional nolo contendere plea as provided by General Statutes § 54-94a and does not fall within the narrow exception for review set forth by our Supreme Court in *State* v. *Revelo*, 256 Conn. 494, 503–504, 775 A.2d 260, cert. denied, 534 U.S. 1052, 122 S. Ct. 639, 151 L. Ed. 2d 558 (2001), we decline to review it. Because the defendant's plea was conditioned on the right to appeal, the judgment must be reversed and the case remanded for further proceedings.

The defendant entered a conditional plea of nolo contendere to the state's recitation of the following facts. On September 10, 2012, the defendant was incarcerated at Corrigan-Radgowski Correctional Center (Corrigan). During a briefing from the warden regarding recreational time, the defendant became disruptive and was escorted from the presentation. While walking back to his cell, the defendant broke free from the escort and approached the warden. At this point, the victim, the deputy warden of the facility, intervened. The defendant took a sharpened toothbrush and struck the deputy warden in the face, causing a puncture wound to the cheek that required medical attention.

In an information dated February 11, 2014, the state charged the defendant with assault of a correction officer in violation of § 53a-167c (a)[1] and possession of a dangerous instrument in a correctional institution in violation of General Statutes § 53a-174a (a).[2] Later that month, the defendant filed a notice of intent to use the defense of necessity.[3] In his accompanying memorandum of law, the defendant alleged the following facts in support of his request to use the necessity defense.[4] The defendant was serving a fifty-six year sentence and, on March 25, 2010, was housed at Corrigan. During a therapy session on that date, two inmates assaulted the defendant. Following this attack, the defendant was transferred to Northern Correctional Institution, and then to MacDougall-Walker Correctional Institution (MacDougall). The defendant suffered from mental illness and was traumatized by the attack at Corrigan. Defense counsel stated that, when the defendant fears for his safety, he "has a history of [disassociating] and flying into uncontrollable and violent rages during which he is not conscious of himself and is capable of inflicting great harm upon others." Following his transfer back to Corrigan, the defendant feared for his

safety and that he would be attacked again. The defendant informed employees at Corrigan that he wanted to be transferred out and would do what was necessary to accomplish this, including assaulting the staff. On September 10, 2012, the defendant went into a "[disassociated] rage" and assaulted the deputy warden.

On April 7, 2014, the court held a hearing on the defendant's motion to present the defense of necessity. Following the argument of defense counsel, the prosecutor contended that the defendant had failed to meet his burden of establishing the three elements of that defense to warrant its use in this case. The court agreed with the prosecutor. It denied the defendant's motion, ruling that he was prohibited from offering evidence regarding the necessity defense.[5]

On April 21, 2014, the defendant withdrew his prior plea of not guilty and entered a plea of nolo contendere. Prior to entering the plea, defense counsel stated the following: "All right. It's a plea of nolo contendere, reserving the right to appeal the following issue, which is whether the trial court correctly ruled, on April 7, 2014, that the defendant had not made a sufficient showing to entitle him to use the defense of necessity." The prosecutor responded as follows: "I have no objection to the plea entering in this fashion, but the state does not concede that there is any merit to the appeal, nor does the state concede that the defendant is even entitled to take an appeal on this issue, so I don't want counsel to be misled into believing that by accepting the plea, somehow the state acknowledges that there is a valid appealable issue here, or that he's entitled to take an appeal of this particular issue."

On the plea form signed by the defendant, he filled out the conditional plea of nolo contendere section.[6] After a canvass,[7] the court accepted the defendant's plea. The court did not indicate whether a dispositive ruling had been made in the case and left that section of the form blank.[8] In accordance with the plea agreement, the court sentenced the defendant to two years incarceration, to be served consecutively to his current sentence.

The defendant filed the present appeal on May 30, 2014. On December 30, 2014, the state moved for permission to file a late motion to dismiss, which we granted. The state then filed its motion to dismiss, claiming that the requirements of § 54-94a had not been met in this case. We denied the state's motion without prejudice and ordered, sua sponte, the defendant to file a supplemental brief addressing why this court should exercise its supervisory power to review his claim on appeal in accordance with the three factors described in *State* v. *Revelo*, supra, 256 Conn. 503–504, and *State* v. *Chung*, 202 Conn. 39, 44–45, 519 A.2d 1175 (1987).[9]

We begin our analysis with the text of § 54-94a, which

provides: "When a defendant, prior to the commencement of trial, enters a plea of nolo contendere conditional on the right to take an appeal *from the court's denial of the defendant's motion to suppress or motion to dismiss*, the defendant after the imposition of sentence may file an appeal within the time prescribed by law *provided a trial court has determined that a ruling on such motion to suppress or motion to dismiss would be dispositive of the case*. The issue to be considered in such an appeal shall be limited to whether it was proper for the court to have denied the motion to suppress or the motion to dismiss. A plea of nolo contendere by a defendant under this section shall not constitute a waiver by the defendant of nonjurisdictional defects in the criminal prosecution." (Emphasis added.)

Our Supreme Court has concluded that this statute does not implicate the subject matter jurisdiction of an appellate court. *State* v. *Piorkowski*, 236 Conn. 388, 400, 672 A.2d 921 (1996); see also *State* v. *Revelo*, supra, 256 Conn. 501 n.14; *State* v. *Palkimas*, 116 Conn. App. 788, 796, 977 A.2d 705 (2009) (statute did not "create a new jurisdictional doorway into [the Appellate Court] [internal quotation marks omitted]). Section 54-94a "modified the broad waiver of nonjuridictional defects implicit in a plea of nolo contendere." (Internal quotation marks omitted.) *State* v. *Palkimas*, supra, 795. It provides a defendant with an expedited route to an appellate court after fully litigating a suppression or dismissal issue in the trial court, without expending additional resources. *State* v. *Paradis*, 91 Conn. App. 595, 602, 881 A.2d 530 (2005). "The appellate courts in this state consistently have required that § 54-94a be interpreted strictly." Id., 603. Our Supreme Court has refused to expand this statutory right to plead conditionally and appeal beyond the issues explicitly enumerated in § 54-94a. *State* v. *Commins*, 276 Conn. 503, 516, 886 A.2d 824 (2005), overruled in part on other grounds, *State* v. *Elson*, 311 Conn. 726, 754, 91 A.3d 862 (2014).

The defendant's appeal does not meet the requirements of § 54-94a. The appeal was not taken from the judgment of conviction following the denial of a motion to dismiss or a motion to suppress. The sole basis for appeal was that the court improperly denied the motion to present the defense of necessity. See, e.g., *State* v. *Lasaga*, 269 Conn. 454, 480, 848 A.2d 1149 (2004) (declining to review claim that trial court improperly denied motion for continuance to change counsel because that claim not within scope of § 54-94a); *State* v. *Jenkins*, 82 Conn. App. 802, 812–15, 847 A.2d 1044 (declining to review claim that trial court improperly denied motion to reopen hearing on motion to suppress because that claim was not within scope of § 54-94a), cert. denied, 269 Conn. 915, 852 A.2d 745, cert. denied, 543 U.S. 1025, 125 S. Ct. 667, 160 L. Ed. 2d 503 (2004).

Furthermore, the court never made the mandatory finding that the denial of this motion was dispositive of the case. We will not review the defendant's claim on appeal in the absence of such a determination. *State* v. *Jevarjian*, 124 Conn. App. 331, 353, 4 A.3d 1231 (2010) (no appellate review of denial of motion for disclosure because that motion is not identified in § 54-94a and trial court did not make determination that ruling on motion was dispositive of case), appeal dismissed, 307 Conn. 559, 58 A.3d 243 (2012) (appeal moot); *State* v. *Munoz*, 104 Conn. App. 85, 93, 932 A.2d 43 (2007) (ruling on whether motion being appealed was dispositive is not waivable); see also *State* v. *Rhoads*, 122 Conn. App. 238, 244, 999 A.2d 1 (review afforded pursuant to § 54-94a only if conditions of statute are met), cert. denied, 298 Conn. 913, 4 A.3d 836 (2010).

The defendant requests that we exercise our supervisory authority over the administration of justice to review his appellate claim and directs our attention to *State* v. *Revelo*, supra, 256 Conn. 494. In that case, the defendant received a plea offer in which he would serve eight years. Id., 497. The defendant, however, wanted a hearing on his motion to suppress. Id. The trial court stated that if he pleaded guilty after "losing that motion," then he would receive a sentence of nine years. Id., 497–98. Following the denial of the motion to suppress, the defendant accepted the plea offer to serve nine years incarceration conditioned on the right to appeal the denial of the motion to suppress pursuant to § 54-94a. Id., 498.

In his appeal to this court, the defendant claimed not only that the court improperly denied his motion to suppress, but also that the court violated his right to due process by sentencing him to nine years, rather than eight, for exercising his right to a determination of the merits of his motion to suppress. Id., 499. This court concluded that the trial court properly denied the defendant's motion to suppress and declined to review his due process claim because that claim was outside of the parameters of § 54-94a. Id., 500.

Our Supreme Court granted certification to appeal, inter alia, the defendant's due process claim. Id., 501. At the outset of its analysis, the court noted that "in the absence of a showing of good cause, an appellate court should decline to review an issue that has not been raised in accordance with the provisions of § 54-94a. We also recognize that such good cause is likely to be established only infrequently." Id., 503. The court then identified three reasons why, under the facts and circumstances present in *Revelo*, good cause existed and review of the defendant's claim was warranted, even though the appeal was not brought in accordance with the provisions of § 54-94a. "First, the defendant's due process claim gives rise to an important issue, namely, the proper role of our trial judges in the plea

bargaining process, the significance of which transcends this particular case. Second, the undisputed facts of this case bear out the defendant's claim of a constitutional violation. Finally, in explaining its decision not to review the issue, the Appellate Court indicated in dictum that the practice challenged by the defendant is permissible. . . . In light of our contrary determination, we are unwilling to allow that dictum to stand lest it be construed by our trial judges as approval of a practice that violates principles of due process." (Citation omitted; footnotes omitted.) Id., 503–504; see also *State* v. *Chung*, supra, 202 Conn. 43–45.

In the present case, the defendant has failed to establish good cause as defined by *Revelo*, and therefore we decline to review his claim that the court improperly denied his request to pursue the defense of necessity. The issue raised in this appeal by the defendant does not transcend his particular case. Further, the facts here do not bear out the defendant's claim of a constitutional violation. See, e.g., *State* v. *Lasaga*, supra, 269 Conn. 480 (defendant's claim outside narrow exception of *Revelo* because undisputed facts do not clearly establish constitutional violation and no need to overrule unconstitutional dicta from Appellate Court).[10] We also note that the defendant could have proceeded to trial, and if convicted and sentenced, then filed an appeal from that judgment challenging the court's ruling on the motion to present the defense of necessity; instead, the defendant chose to enter a conditional plea and take his chances that his claim would be reviewed pursuant to *Revelo*. Heeding the observation that "courts very rarely have undertaken review on the basis of this supervisory power"; *State* v. *Palkimas*, supra, 116 Conn. App. 797; we decline to review this claim.

As a final matter, we address whether we should affirm the judgment of the trial court, as requested by the state, or remand the case for further proceedings. It is clear from his plea form and defense counsel's remarks that the defendant in this case conditioned his plea of nolo contendere on the right to appeal the denial of his request to present the defense of necessity. Cf. *State* v. *Commins*, supra, 276 Conn. 518–19 (defendant did not state during canvass, or indicate on plea form, that plea was conditional); *State* v. *Gilnite*, 202 Conn. 369, 372–73, 521 A.2d 547 (1987) (same). Because the condition of his plea, that is the right to appeal the denial of his motion to present a necessity defense, cannot be fulfilled under our law; see *State* v. *Kelley*, 206 Conn. 323, 337, 537 A.2d 483 (1988); *State* v. *Madera*, 198 Conn. 92, 107–108, 503 A.2d 136 (1985); a conditional plea of nolo contendere should not have been accepted in this case. See *State* v. *Madera*, supra, 108. Under these circumstances, the defendant's conviction cannot stand; the judgment must be reversed and the case remanded for further proceedings. See *State* v.

*Olson*, 67 Conn. App. 562, 564, 787 A.2d 664 (2002).

The judgment of conviction is reversed and the case is remanded with direction to vacate the plea and for further proceedings.

In this opinion the other judges concurred.

[1] General Statutes § 53a-167c (a) provides in relevant part: "A person is guilty of assault of public safety, emergency medical, public transit or health care personnel when, with intent to prevent a reasonably identifiable . . . employee of the Department of Correction . . . from performing his or her duties, and while such . . . employee . . . is acting in the performance of his or her duties, (1) such person causes physical injury to such . . . employee . . . ."

[2] The state subsequently nolled the charge of possession of a dangerous instrument in a correctional institution.

[3] The defense of necessity is not found in our statutes. See *In re Juvenile Appeal*, 184 Conn. 157, 163–64, 439 A.2d 958 (1981). We have, however, recognized it as a common-law defense under certain narrowly defined circumstances. "The defense rests upon the proposition that there may be circumstances where the value protected by the law is, as a matter of public policy, eclipsed by a superceding value which makes it inappropriate and unjust to apply the usual criminal rule. . . . *The defense of necessity traditionally covered the situation where physical forces beyond the actor's control rendered illegal conduct the lesser of two evils.* . . . The defense, however, deals with obvious and generally recognized harms, not with those which are debatable and, indeed, the subject of legislation and government regulation." (Citations omitted; emphasis added; internal quotation marks omitted.) *State* v. *Drummy*, 18 Conn. App. 303, 308–309, 557 A.2d 574 (1989); see also *State* v. *Woods*, 23 Conn. App. 615, 617–18, 583 A.2d 639 (1990).

To prevail on the defense of necessity a defendant must show that (1) there is no third and legal alternative available, (2) the harm to be prevented was imminent and (3) a direct causal relationship may be reasonably anticipated to exist between the defendant's action and the avoidance of harm. *State* v. *Drummy*, supra, 18 Conn. App. 309; *State* v. *Woods*, supra, 23 Conn. App. 618.

[4] "The defendant is required to make a preliminary showing through an offer of proof before the necessity defense may be submitted to the jury. . . . Therefore, as a threshold question of law, the trial court must determine whether a necessity defense is warranted under the facts presented by the defendant. . . . If the court determines that there is sufficient evidence available to support the defense of necessity, then a defendant is entitled as a matter of law to a defense of necessity instruction." (Citations omitted.) *State* v. *Woods*, 23 Conn. App. 615, 617–18, 583 A.2d 639 (1990).

We note that both parties assume that the evidence required for the preliminary showing is the standard for a jury instruction on a general defense, which is that a defendant is entitled to present a defense to the jury so long as there is some evidential basis, "no matter how weak or incredible . . . ." *State* v. *Montanez*, 277 Conn. 735, 750, 894 A.2d 928 (2006); see *State* v. *Varszegi*, 236 Conn. 266, 282, 673 A.2d 90 (1996). Our Supreme Court, however, has set forth a different standard in cases involving affirmative defenses. "It is well established in Connecticut that a defendant is entitled to have the jury instructed on any general defense for which there is any foundation in the evidence, no matter how weak or incredible. . . . This standard is appropriate when a defendant raises a general defense and the state has the burden of disproving that defense beyond a reasonable doubt. . . .

"The any evidence standard has been improperly applied, however, to affirmative defenses. . . . In those cases, the fact that it is the defendant who shoulders the burden of proving an affirmative defense by a preponderance of the evidence was not taken into consideration. To the extent that those cases have held that any evidence is sufficient for a defendant to be entitled to a requested instruction regarding an affirmative defense, they are overruled. Because the defendant bears the burden of proof of an affirmative defense . . . we now hold that a defendant is entitled to a requested instruction on the affirmative defense . . . *only if there is sufficient evidence for a rational juror to find that all the elements of the defense are established by a preponderance of the evidence.*" (Citations omitted; emphasis added; footnotes omitted; internal quotation marks omitted.) *State* v. *Person*, 236 Conn. 342, 352–53, 673 A.2d 463 (1996); see also *State* v. *Golodner*, 305 Conn.

330, 353, 46 A.3d 71 (2012); *State* v. *Wilson*, 242 Conn. 605, 625, 700 A.2d 633 (1997); *State* v. *Small*, 242 Conn. 93, 102, 700 A.2d 617 (1997); *Francis* v. *Commissioner of Correction*, 142 Conn. App. 530, 541 n.6, 66 A.3d 501, cert. denied, 310 Conn. 921, 77 A.3d 141 (2013); *State* v. *Cole*, 50 Conn. App. 312, 321, 718 A.2d 457 (1998), aff'd, 254 Conn. 88, 755 A.2d 202 (2000). We acknowledge that the standard set forth in *Person* has been applied in cases involving statutory affirmative defenses, unlike the present case where the defense of necessity is an affirmative common-law defense.

For the purposes of this appeal, we need not decide whether the "any evidence" standard or the *Person* standard applies. Regardless of which standard applies, the defendant's claim does not come within the provisions of § 54-94a or meet the good cause exception set forth in *State* v. *Revelo*, supra, 256 Conn. 503–504.

[5] As noted previously, the defendant must make an offer of proof with respect to the three elements of the defense of necessity. See *State* v. *Drummy*, 18 Conn. App. 303, 309, 557 A.2d 574 (1989). "Where an offer of proof is made with respect to a defense [of necessity] and it is clear from the offer of proof that the defense is insufficient as a matter of law, the trial court may properly refuse to permit evidence of the defense to be submitted to the jury." Id., 309–310; see generally *State* v. *Bryan*, 307 Conn. 823, 835, 60 A.3d 246 (2013).

[6] This section of the form, signed by the defendant and defense counsel, specifically states: "I understand that I can file an appeal of a motion to suppress or a motion to dismiss only if I do so within the time allowed by law and only if the trial court has determined that a ruling on the motion would be dispositive of the case." We also note that defense counsel left blank the space reserved for naming the specific motion that was denied by the trial court and on which the defendant based his conditional plea.

[7] We note that during the canvass, the issue of an appeal was not discussed.

[8] The form for a conditional plea of nolo contendere indicates that the trial court should determine whether the motion to suppress or motion to dismiss listed by the defendant or defense counsel would be dispositive of the case. As noted, the defendant and defense counsel failed to identify any motion in this part of the form.

[9] On January 22, 2015, the defendant moved for permission to file a late motion to rectify the record regarding the issue of whether the ruling on the defense of necessity was dispositive. We determined that no action was necessary on this motion.

[10] We note that the third factor set forth in *State* v. *Revelo*, supra, 256 Conn. 504, is not applicable in light of the posture of this case.

––––––––––––––––––––––––––